[Crim. No. 2881. In Bank.—August 17, 1926.]

## THE PEOPLE, etc., Appellant, v. FRANK MARTIN et al., Respondents.

[1] NEW TRIAL — SECOND MOTION FOR — LACK OF AUTHORITY. — In a prosecution for contributing to the delinquency of a minor, there is no statutory or other authority for the presentation or consideration of a second motion for a new trial, where there is no showing that an order denying a prior motion was entered prematurely or by inadvertence, and no application was made for relief pursuant to section 473 of the Code of Civil Procedure, and at the time the second motion was made the time for pronouncement of judgment had not expired.

[2] ID.—ORDER DENYING NEW TRIAL — APPEAL — JURISDICTION. — An order denying a motion for new trial in a criminal case is an appealable order, and an appeal from such an order removes the new trial proceedings from the jurisdiction of the trial court and it cannot thereafter reconsider the same or a similar motion and enter an order thereon.

[3] ID.—APPEAL FROM AN ORDER DENYING NEW TRIAL—STAY OF JUDGMENT.—An appeal from the order denying the first motion for a new trial in such a case did not stay the court from pronouncing judgment; and where the order attempting to grant the second motion for a new trial was a nullity and more than five days expired after the verdict, without pronouncement of judgment, the defendant was entitled to a new trial and jurisdiction continued in the trial court to order such new trial, but the supreme court has no such power upon an appeal from the order purporting to grant a new trial.

---

(1) 16 C. J., p. 1120, n. 41.    (2) 16 C. J., p. 1120, n. 41; 17 C. J., p. 35, n. 55, p. 108, n. 49.    (3) 17 C. J., p. 108, n. 48.    (4) 16 C. J., p. 1121, n. 61, p. 1276, n. 50; 17 C. J., p. 202, n. 71.

1.  See 20 Cal. Jur. 205.
2.  See 8 Cal. Jur. 492.
3.  See 8 Cal. Jur. 452.

APPEAL from an order of the Superior Court of Orange County granting a new trial. F. C. Drumm, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Alex. P. Nelson, District Attorney, for Appellant.

Wm. T. Kendrick, Sr., Wm. T. Kendrick, Jr., Frank H. Gray and Oscar M. Gipson for Respondents.

SHENK, J.—The defendants were jointly tried in the superior court of Orange County on an information charging them with contributing to the delinquency of a minor, one Ivory Shields, a youth over the age of twenty years, in that they did solicit, induce and procure said Shields to purchase for them eight ounces of intoxicating liquor, in violation of the Wright Act, and did furnish and give said intoxicating liquor to said Shields to drink.

On March 24, 1925, the jury returned a verdict finding the defendants guilty as charged in the information. On the same day the defendants presented a motion for a new trial on numerous grounds. The motion was denied and the defendants gave immediate notice of appeal from the order. The court thereupon continued the matter to March 27th for judgment and sentence or to entertain an application for probation. On March 27th the defendants presented a new motion for a new trial on substantially the same grounds set forth in the motion which was denied on March 24th, with the additional specification, however, that the jury received evidence out of court. The court permitted the new motion to be presented and received oral evidence on the additional specification to the effect that two of the jurors who tried said cause were present at the preliminary examination of the defendants and had heard the evidence there presented. After the taking of said evidence was concluded the court granted said second motion for a new trial. The matter is now before us on appeal by the people from the order granting the said motion.

[1] It is the contention of the attorney-general, among other things, that the order appealed from was a nullity and in nowise affected the status of the case with respect to the order denying the first motion. The point is well taken. There is no statutory or other authority for the presentation or consideration of a second motion for a new trial under the circumstances here shown. There was no showing that the order denying the first motion was entered prematurely or by inadvertence, as was disclosed in *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8], nor was there any application for relief or showing pursuant to section 473, Code of Civil Prcedure, and at the time the second motion was made the time for pronouncement of judgment had not expired. If such a proceeding were sanctioned the results pointed out in *Coombs* v. *Hibberd,* 43 Cal. 452, would be apparent and the time limited within which a motion for a new trial might be made would be enlarged and new trial proceedings would become interminable. (See, also, *People* v. *Center,* 61 Cal. 191; *Odd Fellows Sav. Bank* v. *Deuprey,* 66 Cal. 168 [4 Pac. 1173]; *Dorland* v. *Cunningham,* 66 Cal. 484 [6 Pac. 135]; *Carpenter* v. *Superior Court,* 75 Cal. 596 [19 Pac. 174]; *Holtum* v. *Greif,* 144 Cal. 521 [78 Pac. 11].) While the cases cited involved new trial proceedings in civil cases no authority has been noted which prescribes a different rule in criminal cases.

[2] Furthermore, an order denying a motion for a new trial in a criminal case is an appealable order (Pen. Code, sec. 1237). The appeal from the order denying the first motion was announced in open court by the defendants immediately after the denial of the motion and prior to the pronouncement of judgment (Pen. Code, sec. 1182). Assuming that the said appeal was not premature it would follow that said new trial proceedings were removed from the jurisdiction of the trial court by the taking of the appeal. This would afford an additional reason why the court could not thereafter, under the facts here shown, reconsider the same or a similar motion and enter an order thereon.

In reply to the position taken by the attorney-general the defendants contend that they are entitled to a new trial by operation of law for the reason that judgment was not pronounced against them within the time prescribed by law,

nor at all, citing *Rankin* v. *Superior Court,* 157 Cal. 189 [106 Pac. 718], *People* v. *Winner,* 31 Cal. App. 352 [160 Pac. 689], and *People* v. *Boling,* 32 Cal. App. 42 [161 Pac. 1169]. [3] It is clear that the defendants' appeal from the order denying the first motion did not operate to stay the hand of the court in proceeding to pronounce judgment. As the order granting the second motion was a nullity the time within which the court was required to pronounce judgment pursuant to the verdict expired March 29th, or five days after the verdict (Pen. Code, sec. 1191); by reason whereof the respondents are entitled to a new trial at the hands of the trial court. Jurisdiction still continues in that court to order a new trial and proceed with the cause to verdict and judgment when, as here, judgment has not been pronounced pursuant to the verdict within the time prescribed by law (*Rankin* v. *Superior Court, supra*). The power to order the new trial does not inhere in this court on the record before us but would vest only upon appeal from an order denying a new trial to the defendants upon their application therefor on the ground that judgment was not pronounced against them within due time. The only matter now before this court is the validity of the order appealed from, and as its entry was without authority of law it should be reversed and it is so ordered.

Richards, J., Seawell, J., Curtis, J., Lennon, J., and Waste, C. J., concurred.