[Crim. No. 14505.    Second Dist., Div. Five.    July 31, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LINDSEY, Defendant and Appellant.

Douglas G. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gordon J. Rose, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, Acting P. J.—By information filed April 4, 1967, defendant was charged with assault with a deadly weapon with intent to commit murder, in violation of Penal Code section 217. Defendant pleaded not guilty. After a trial by jury, defendant was found guilty of assault with a deadly weapon, a lesser but necessarily included offense.

A probation report was ordered and a psychiatrist was appointed to examine defendant pursuant to Evidence Code section 730. On July 6, at the time set for hearing the application for probation, defendant's motion for new trial limited to the issue of sanity at the time of the commission of the offense was granted, and two additional psychiatrists were appointed to examine defendant pursuant to Penal Code section 1027. Trial on the issue of sanity was continued to July 27, 1967. On that date, defense counsel moved the court to vacate its order granting the motion for new trial and for what was thought to be the newly entered plea of not guilty by reason of insanity. Permission was granted, and the prior order granting the motion for new trial was vacated. Proceedings were suspended and defendant was referred to Department 95 of the superior court for examination pursuant to sections 5550 and 5551 of the Welfare and Institutions Code.[1] On August 2, 1967, defendant was committed to Camarillo State Hospital, where he remained until discharged on September 13, 1967. Defendant was then returned to court for further proceedings. On October 2, 1967, pursuant to defend-

[1]These sections were repealed by Statutes 1967, chapter 1667, section 36.5, operative on the 61st day after the final adjournment of the 1968 Regular Session of the Legislature.

ant's motion, the court ordered a trial on the issue of present sanity under Penal Code section 1368. On October 10, 1967, at the trial on the issue of sanity, the matter was submitted on the written reports on file and the court found defendant presently sane. At this time, defense counsel, in effect, again made a motion for new trial on the issue of sanity at the time of the commission of the offense and requested permission to enter a plea of not guilty by reason of insanity.[2] This motion for new trial was ineffective in the light of the analysis hereinafter set forth; however, the motion and request were denied. Probation was denied, and defendant was sentenced to state prison for the term prescribed by law. This is an appeal from the judgment of conviction.

The facts upon which defendant's conviction rests establish that defendant stabbed a person during an altercation in a poolroom. The evidence is sufficient to support the conviction. Defendant unsuccessfully raised the issue of self defense. Certain statements made by defendant after his arrest were admitted into evidence without objection. ■ The defendant now contends that these statements were subject to objection under the rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. He also contends that the failure of defense counsel to object to introduction of the statements into evidence established incompetency of counsel and should now result in a reversal under the rule of *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]. Neither of these contentions is meritorious. Whether the statements were of such a voluntary nature as to be admissible was a question of fact. (*People* v. *Ireland,* 70 Cal.2d 522, 536-537 [75 Cal.Rptr. 188, 450 P.2d 580].) There were reasonable inferences which could be drawn from the circumstances existing at the time defendant made his statements to establish them as voluntary. Defense counsel's failure to object clearly indicates he concluded that an objection would be ineffective, and the record strongly suggests the accuracy of that conclusion. This being the case, the *Ibarra* contention fails, and, there having been no objection posed at trial, the *Miranda* contention cannot now be raised. (*People* v. *Myers,* 262 Cal.App.2d 307, 311 [68 Cal.Rptr. 636].)

■ As previously indicated, at the time set for hearing on probation, defendant's motion for new trial was granted. An order granting the motion for new trial was duly entered in

---

[2]Though ambiguously phrased by defense counsel, the motion was understood as such by the trial judge.

the minutes of the court, and all parties assumed that the plea of not guilty by reason of insanity had been entered. Two weeks later, at the time set for retrial, the trial court, on motion of defense counsel, vacated its previous order granting the motion for new trial, and granted the defendant's motion to withdraw his plea of insanity. No appeal had been taken by the People from the order granting the initial motion.[3] At this point in time, the trial court was without jurisdiction to reconsider its previous ruling on the motion for new trial. (*In re Levi*, 39 Cal.2d 41, 45 [244 P.2d 403].) The cases are numerous in holding that " ' " . . . it is well settled in this state that when the trial court has made its order denying the motion for a new trial 'the right to move for a new trial has thus been exercised and exhausted.' [Citations omitted.] Once a motion for a new trial has been ruled upon in a criminal case and an order made either granting or denying such application, the only remedy for the party deeming himself aggrieved is by an appeal from such order, for the court is without authority to entertain a subsequent motion the object of which is to change or vacate its former order." ' " (*People* v. *Collins*, 97 Cal.App.2d 552, 554-555 [218 P.2d 87] ; *People* v. *Coronado*, 57 Cal.App.2d 805, 815 [135 P.2d 647] ; *People* v. *Paysen*, 123 Cal.App. 396, 399 [11 P.2d 431] ; see also *People* v. *Moore*, 257 Cal.App.2d 740, 749 [65 Cal.Rptr. 450] ; *People* v. *Pineda*, 253 Cal.App.2d 443, 452 [62 Cal.Rptr. 144] ; cf. *People* v. *Risenhoover*, 240 Cal.App.2d 233 [49 Cal. Rptr. 526].) And in *People* v. *Clifton*, 270 Cal.App.2d 860, 861-862 [76 Cal.Rptr. 193] the court held: " [I]t was not proper for the trial judge to permit the second motion for a new trial. Before the imposition of the former judgment, Judge Myers had heard and denied a motion for new trial and that ended the defendant's right to seek such remedy. [Citations.] There was no jurisdiction to hear a second motion for a new trial so the procedure, including the ruling, was a nullity."

It is of no consequence that defense counsel prompted the error by requesting that the previous order be vacated, since jurisdiction was no longer present in the trial court to upset its prior ruling. (See dissenting opinion of Conley, P. J. in

---

[3]While it is not clear on what statutory ground, if any, such motion was predicated, or on what statutory basis such motion was granted, absent any objection at trial or an appeal by the People from the trial court's ruling, we presume that the motion and the court's ruling thereon came within the purview of Penal Code section 1181.

*People* v. *Risenhoover, supra*; compare *People* v. *Hensel,* 233 Cal.App.2d 834, 837 [43 Cal.Rptr. 865], where an order denying a motion for new trial had not yet been entered in the minutes.)

The granting of the motion for new trial was limited to the issue of sanity to be raised by the plea of not guilty by reason of insanity, thus providing a new trial on the issue of defendant's sanity at the time of commission of the acts constituting the offense. (Pen. Code, § 1017, subd. 5.) At the time defendant initially was arraigned and entered his plea to the charge, he did not enter the plea of insanity. On the trial of the general plea of not guilty, defendant is conclusively presumed to be sane, and evidence is inadmissible to prove the contrary. (Pen. Code, § 1016, subd. 6.) While normally various pleas are entered at the initial setting, we see no reason why the court, in the exercise of its discretion, could not relieve the defendant of the effect of the conclusive presumption, as here done, even after the return of the jury verdict.

Though the attempted reconsideration of the motion for new trial was ineffective, the issue remaining was resolved by the withdrawal of the insanity plea. (*People* v. *Love,* 21 Cal. App.2d 623, 626 [70 P.2d 202].) A trial was held on defendant's present sanity, in accordance with Penal Code section 1368, and defendant was found to be sane. The further motion of defense counsel seeking a new trial on the sanity issue and for permission to again enter a plea of not guilty by reason of insanity was denied. As heretofore stated, these further motions were ineffective. Even had the motions been jurisdictionally cognizable, the trial court's denial of such motion should not be disturbed unless there be an abuse of discretion, and none is shown. (*People* v. *Young,* 26 Cal.App.2d 700 [80 P.2d 138].)

The judgment is affirmed.

Reppy, J., and Chantry, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.