[No. B027066. Second Dist., Div. Seven. Mar. 18, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR E. HERNANDEZ, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Monica Knox, Acting State Public Defender, and Jill Ishida, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert F. Katz, Carol Wendelin Pollack and Sharon E. Wooden, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, P. J.**—The trial court found defendant guilty of two counts of assault with a firearm, and to be true the use allegations. On probation

hearing and sentence the court granted defendant's motion for new trial, but two days later, on its own motion, vacated the order, set the motion for hearing and, after taking testimony and hearing argument, denied the same and sentenced defendant to state prison. He appeals from the judgment.

The sole appellate issue is whether the trial court, once having granted the motion for new trial, had jurisdiction to vacate its order, rehear the motion and deny the same. We hold that it did not, and reverse the judgment.

## FACTS

About 3 p.m. Ismael Magana was walking alone near an apartment complex when defendant, with four friends, approached him and insisted he buy a necklace; Magana said no and tried to walk past defendant who attempted to hit him; Magana ran away. Shortly thereafter, Magana returned with three friends—Gonzalez, Cordova and Kasama; they were unarmed, walked into the complex and asked for defendant; defendant, carrying a rifle in a blue jacket, came out of an apartment with another man; when Magana saw the gun he told his friends to run and, as they ran, Magana heard someone say, "shoot to kill," and a shot was fired; Magana was hit in the leg with two shotgun pellets; Kasama was hit in the back. In the past, Magana has had problems with defendant and his friends; he identified defendant at trial but was unable to identify him in a photo lineup, although Gonzalez was able to identify defendant in the lineup as the one who had the gun.

Officer Castro found a spent shotgun shell in defendant's apartment on the living room floor, but did not find a shotgun. Defendant told him he and two friends were in the apartment, heard a commotion, went outside and stood around with a crowd for 10 minutes, nothing happened and they returned to the apartment. Officer DeClercq tested defendant's hands for gunshot residue; the results indicated defendant had recently fired or handled a firearm.

The defense was that defendant did not fire any shot, and that his roommate, Marco Escobar, loaded his shotgun, went outside, fired the shot, returned to the apartment and put his shotgun away.

## MOTION FOR NEW TRIAL

Just after the trial court found defendant guilty, defense counsel Webb was approached by Marco Alarcon who told him he had been an eyewitness to the shooting, defendant was innocent, Marco Escobar did the shooting

and defendant was not present; and he would be willing to testify. Thereafter, on March 3, 1987, defense counsel moved for a new trial on the ground of newly discovered evidence supported only by his own declaration setting up his encounter with Alarcon. After brief argument by both sides, the trial court granted the motion and set the cause for trial for April 14, 1987, in another department. Two days later, on March 5, 1987, the trial court thought better of its ruling and on its own motion ordered the parties to appear, and vacated the order granting motion for new trial on the ground "the court was precipitous in acting, and it did not in fact act in compliance with the requirements of the law." It commented that "under the law, the People are entitled to either affidavits or sworn testimony in support of the claim of newly discovered evidence. And of course, there must further be made a showing of due diligence in attempting to locate the witness." The court set hearing on the motion, and on that day Marco Alarcon testified. Commenting on the lack of credibility of Alarcon and the willingness of defense witnesses to blame Marco Escobar who has "become an acceptable scapegoat, because he has now returned to Mexico," the court found "Alarcon's testimony inherently and intrinsically implausible; and I would find it exceptionally unlikely that any trier of fact objectively could be persuaded to a different conclusion,. . . ."

## JURISDICTION

■ Relying on *In re Levi* (1952) 39 Cal.2d 41 [244 P.2d 403] and *People v. Lindsey* (1969) 275 Cal.App.2d 340 [79 Cal.Rptr. 880], appellant contends, as stated in *Lindsey,* " ' " ' "Once a motion for a new trial has been ruled upon in a criminal case and an order made either granting or denying such application . . . the court is without authority to entertain a subsequent motion the object of which is to change or vacate its former order.' " ' " ' [Citations.]" (P. 343; *In re Levi,* 39 Cal.2d 41, 45.) In *Lindsey* the trial court granted defendant's motion for new trial at the time set for hearing on probation, and the order was entered in the minutes; two weeks later at the time set for retrial it vacated its previous ruling. The court held that there was no jurisdiction for the trial court to reconsider its ruling so the procedure, including the ruling vacating the previous order, was a nullity.

There appear to be some limited exceptions to the *Levi/Lindsey* rule, but none applies here. In the case of furcated trials and, based upon the special nature of those trials, the court, in *People* v. *Risenhoover* (1966) 240 Cal.App.2d 233 [49 Cal.Rptr. 526], held that the trial court had jurisdiction to hear a second motion on a new trial prior to judgment. The court explained that the trial court retained jurisdiction to hear and determine the second new trial motion especially because "the development of the furcated trial and the repeal of a defendant's right to appeal from an order

denying a new trial, make possible the development of adventitious circumstances, as in this case, that can be most expeditiously resolved in the trial court, . . . ." (P. 236.) Another exception is found in *People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865] in which the trial court, just a few minutes after it was made, rescinded its order granting a new trial motion; the order had not been entered in the minutes nor had subsequent proceedings in the case begun. (P. 837.) In the case at bench, the order granting motion for new trial was entered in the minutes, the order was vacated two days later, and the trial court scheduled a new trial date (Apr. 14) in another department.

Respondent takes solace in yet another exception briefly referred to in *People* v. *Martin* (1926) 199 Cal. 240, 242 [248 P. 908] and *People* v. *Paysen* (1932) 123 Cal.App. 396, 399 [11 P.2d 431], and urges its application here. In both cases the court, following the general rule, held that once a trial court enters an order on motion for new trial, its jurisdiction as to the new trial issue is exhausted. If it were otherwise, said the court in *Martin,* "the results pointed out in *Coombs* v. *Hibberd* [1872] 43 Cal. 452, would be apparent and the time limit within which a motion for a new trial might be made would be enlarged and new trial proceedings would become interminable." (199 Cal. at p. 242.) Both cases allude briefly to an exception to the general rule, "in cases where the order on the motion was made inadvertently . . . ." (*People* v. *Paysen,* 123 Cal.App. at p. 399), or where there is a showing "that the order denying the first motion was entered prematurely or by inadvertence, as was disclosed in *Robson* v. *Superior Court* [1915] 171 Cal. 588 . . . ." (*People* v. *Martin,* 199 Cal. at p. 242).

*Robson* v. *Superior Court* (1915) 171 Cal. 588 [154 P. 8] is a civil case. The ruling on motion for new trial was made by the trial court two months after it was filed, in the absence of counsel for the moving party and in ignorance of an agreement between counsel for the parties for a continuance of the hearing. A week later on ex parte application of the moving party the court set aside its order and 45 days later, made an order granting the motion for new trial. Citing *Holtum* v. *Grief* (1904) 144 Cal. 521 [78 P. 11], after articulating the general rule that an order granting or refusing a new trial regularly made and entered cannot be set aside by the trial court, the court stated that " 'if the orders "have been entered prematurely or by inadvertence, they may be set aside on a proper showing. [Citations.]" ' " (*Robson* v. *Superior Court,* 171 Cal. 588, 591-592.)

Respondent likens the trial court's "precipitous" granting of the motion here without following the mandates of section 1181, subdivision 8, Penal Code, and without considering the legal principles essential to an informed decision, with the "adventitious circumstances" resulting from furcated

trials in *People* v. *Risenhoover, supra,* 240 Cal.App.2d 233, 236, and the order "entered prematurely or by inadvertence" in *Robson* v. *Superior Court, supra,* 171 Cal. 588, 592. The problem with this approach is that while "precipitously" granted, the ruling was neither "premature" nor "inadvertent," nor was it made under "adventitious" circumstances. In truth, it was a blatant abuse of the trial court's discretion (*People* v. *Martinez* (1984) 36 Cal.3d 816, 821-822 [205 Cal.Rptr. 852, 685 P.2d 1203]), but that is all. Respondent resorts to one of the four reasons as stated by the *Risenhoover* court used to justify its ruling in "furcated trial" circumstances— "the Penal Code sections concerning new trials do not specifically forbid a second motion for new trial or an order vacating and changing an order granting or denying a new trial before judgment, . . . ." (*People* v. *Risenhoover,* 240 Cal.App.2d 233, 236.) But we reject such reasoning here; out of the context of *Risenhoover* it means very little. While there may be no legislation proscribing a second motion or an order changing a prior ruling, there are the Supreme Court cases of *In re Levi, supra,* 39 Cal.2d 41 and *People* v. *Martin, supra,* 199 Cal. 240 out of which developed the long established rule of *Levi/Lindsey* by which we are bound.

### DISPOSITION

The judgment is reversed and the cause remanded to the superior court for retrial.

Thompson, J., and Johnson, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 22, 1988.