[No. G004612. Fourth Dist., Div. Three. June 30, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES HARMON STEWART, Defendant and Respondent.

COUNSEL

Cecil Hicks, District Attorney, Maurice L. Evans, Assistant District Attorney, Brent F. Romney and Kathleen M. Kendle, Deputy District Attorneys, for Plaintiff and Appellant.

Glenn K. Osajima for Defendant and Respondent.

OPINION

SCOVILLE, P. J.—The People appeal an order granting James Stewart's second new trial motion after the jury convicted him of sexually molesting his daughter. The order was based on three grounds, including inadequate assistance of counsel. Ordinarily, a trial court may not entertain a second new trial motion. In this case, however, we conclude a second motion on the ground of inadequacy of counsel was permitted. We reverse and remand, however, because the trial court committed other errors in granting the motion.

FACTS

Defendant was charged and convicted of four violations of Penal Code section 288, subdivision (b) (lewd or lascivious acts upon a child under age 14 by force). The alleged acts of sexual molestation involved his 10-year-old daughter.

Defendant, by his trial counsel, moved for a new trial on the sole ground the jury's verdict was contrary to the evidence. The court denied the motion. Sentencing was deferred for 90 days to permit a diagnostic evaluation of defendant and an investigation of his oldest daughter's claim that she too had been molested by him.

Prior to judgment (see Pen. Code, § 1182), defendant substituted in new counsel who brought a second new trial motion on grounds of (1) ineffective assistance of counsel, and (2) error in law in that a witness's testimony was improperly admitted under the fresh complaint doctrine set forth in *People v. Burton* (1961) 55 Cal.2d 328 [11 Cal.Rptr. 65, 359 P.2d 433]. The trial court granted the motion on both grounds and an additional one (newly discovered evidence).

DISCUSSION

Generally, once a trial court has decided a new trial motion, it may not reconsider its ruling or entertain subsequent requests for new trial.

(*People* v. *Hernandez* (1988) 199 Cal.App.3d 768, 771 [245 Cal.Rptr. 156]; *People* v. *Lindsey* (1969) 275 Cal.App.2d 340, 343 [79 Cal.Rptr. 880].) The underlying rationale is that, otherwise, proceedings on new trial motions might "become interminable." (*People* v. *Martin* (1926) 199 Cal. 240, 242 [248 P. 908].) The rule is a general one and subject to exception. (*People* v. *Hernandez, supra,* 199 Cal.App.3d at pp. 771-772.)

Many appellate courts have stated the court is "without authority" or "without jurisdiction" to hear a second new trial motion. (*People* v. *Hernandez, supra,* 199 Cal.App.3d at p. 771; *People* v. *Lindsey, supra,* 275 Cal.App.2d at p. 343; *People* v. *Paysen* (1932) 123 Cal.App. 396, 399 [11 P.2d 431]; *People* v. *Collins* (1950) 97 Cal.App.2d 552, 554-555 [218 P.2d 87].) The basis for this conclusion appears to be the Supreme Court cases of *People* v. *Martin, supra,* 199 Cal. 240, 242, and *In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403].

*Martin* does not support the conclusion the rule is jurisdictional. In *Martin,* the defendant, after appealing from the denial of his first new trial motion,[1] brought a second new trial motion which was granted. Our Supreme Court reversed the granting of the second motion, citing the general rule that second new trial motions are disallowed because of the need to limit such proceedings. (*People* v. *Martin, supra,* 199 Cal. at p. 242.) The court then stated, as an "*additional* reason" for its holding, "that said new trial proceedings were removed from the jurisdiction of the trial court by the taking of the appeal [from the denial of the first motion]." (*Id.,* at p. 242; italics added.) This was *Martin's* sole reference to a jurisdictional basis for its holding.

Later, in a dictum footnote in *Levi,* our Supreme Court cited *Martin* for the proposition that a trial court has no jurisdiction to entertain a second new trial motion. (*In re Levi, supra,* 39 Cal.2d at p. 45.)

A subsequent statutory change eliminated the jurisdictional basis identified in *Martin.* In *People* v. *Risenhoover, supra,* 240 Cal.App.2d at p. 235, it was stated: "[N]o case is cited, and we find none, defining the jurisdiction of trial courts in relation to motions for new trial after the 1961 amendment to Penal Code section 1237 [which eliminated the right to appeal from denials of new trial motions] . . . . [¶] Because of the change in statutory law, we deem the question whether a trial court has jurisdiction to modify or vacate an order denying a new trial and to enter a different order before judgment to be res integra [an open issue]."

---

[1] Under former Penal Code section 1237, a criminal defendant was entitled to appeal the denial of a new trial motion. That right of appeal, with minor exceptions, was abolished in 1961. (*People* v. *Risenhoover* (1966) 240 Cal.App.2d 233, 234 [49 Cal.Rptr. 526].)

In light of the foregoing, we question whether the rule is truly jurisdictional. ■ In our view, the rule does not deprive trial courts of the power to hear second new trial motions. Rather, it directs them to avoid extended new trial proceedings where possible, subject to reasonable exceptions in the interests of justice. Consistent with our view, there are several recognized exceptions to the rule. (See, e.g., *People* v. *Hensel* (1965) 233 Cal.App.2d 834, 837-838 [43 Cal.Rptr. 865] [order granting new trial vacated prior to entry in the minutes]; *People* v. *Martin, supra,* 199 Cal. at p. 242 and *People* v. *Paysen, supra,* 123 Cal.App. at pp. 399-400 [reference made to exception for new trial order made inadvertently or prematurely]; *People* v. *Risenhoover, supra,* 240 Cal.App.2d at p. 235 [new trial initially granted on only one of three furcated issues]; *Robson* v. *Superior Court* (1915) 171 Cal. 588, 590-592 [154 P. 8] [ruling on motion made in absence of moving party's counsel].)

■ We believe another exception must be recognized in this case, where defendant's first motion was brought by his trial counsel on the sole ground of insufficiency of the evidence, and his second motion alleged ineffective representation by that very same counsel. In *People* v. *Fosselman* (1983) 33 Cal.3d 572, at pages 582-583 [189 Cal.Rptr. 855, 659 P.2d 1144], our Supreme Court directed trial courts to decide the competence of counsel issue on motions for new trial whenever possible. The *Fosselman* court considered trial judges to be the preferred decisionmakers on this issue for three reasons: (1) trial judges observe counsel's courtroom performance during the course of the trial; (2) they are constitutionally mandated to ensure a defendant a fair trial; and (3) judicial economy is promoted "by avoiding appellate review, or habeas corpus proceedings . . . ." (*Id.,* at p. 582.) This last reason, the promotion of judicial efficiency, is also the purpose underlying the *Martin* rule. In this case, judicial economy is best served by recognizing the trial court's authority to rule on defendant's inadequacy of counsel contention, even though raised in a second new trial motion.

To merit a hearing, a second new trial motion raising the competency issue must identify *specific* acts or omissions of counsel which show a lack of "reasonable professional judgment." (See *Strickland* v. *Washington* (1984) 466 U.S. 668, 690 [80 L.Ed.2d 674, 695, 104 S.Ct. 2052].) ■ The requirements for proving ineffectiveness are two-fold. A defendant must first establish that "his counsel failed to perform with reasonable competence." (*People* v. *Fosselman, supra,* 33 Cal.3d at p. 584.) He must then show that such failing was prejudicial, i.e., that it resulted in the " 'withdrawal of a potentially meritorious defense' " (*id.,* at p. 583) or that a more favorable result was reasonably probable in the absence of counsel's

deficient performance. (*Id.,* at p. 584; see also *Strickland* v. *Washington, supra,* 466 U.S. at p. 694 [80 L.Ed.2d at pp. 697-698].)

The determination that counsel's representation was ineffective must be made cautiously: "Judicial scrutiny of counsel's performance must be highly deferential." (*Strickland* v. *Washington, supra,* 466 U.S. at p. 689 [80 L.Ed.2d at p. 694].) The defendant must overcome a "strong presumption that counsel's conduct falls within [a] wide range of reasonable professional assistance . . ." and that such conduct involved " 'sound trial strategy.' " (*Ibid.* [80 L.Ed.2d at pp. 694-695].) Where it appears that counsel's allegedly unreasonable actions may have been based on the defendant's own decisions or statements, the trial court should inquire into the possibility. (*Id.,* at p. 691 [80 L.Ed.2d at pp. 695-696].)

Here, the trial court's determination that defendant received inadequate representation was not made in conformance with these requirements. Moreover, as discussed below, serious procedural errors occurred at the hearing.

Defendant's ineffectiveness claim alleged his trial counsel failed to use reputation and opinion evidence to discredit his daughter, such as by calling defendant or his wife to testify to his daughter's lack of truthfulness. Defendant also alleged his counsel did not adequately object to the admission of testimony under the fresh complaint doctrine and failed to request a jury admonishment and instruction on the limited purpose of such testimony.

At the hearing on defendant's second new trial motion, the court expressed its own reasons for considering counsel's performance deficient. It noted counsel had failed to move for an excusing of the entire panel on voir dire, when one panelist commented defendant looked like a "pervert." The court also noted that counsel insinuated at trial that defendant's son had accused the victim of fabricating her story. The court expressed astonishment that counsel did not call defendant's son or defendant himself to testify, especially in light of defendant's personal letter to the court stating he had wanted to testify on his own behalf. Over the People's objection, the court then questioned the defendant under oath as to whether he had told his counsel he wanted to testify and whether he would testify if granted a new trial. Defendant answered in the affirmative. The court refused the People's request to cross-examine the defendant.

The court erred in calling defendant to the stand and then denying the People's right to cross-examine him. (Evid. Code, §§ 711, 775; *In re Anthony P.* (1985) 167 Cal.App.3d 502, 506-507 [213 Cal.Rptr. 424].) The People were further prejudiced by the court's reliance on a personal letter which

the People were not permitted to review. (See *People* v. *Handcock* (1983) 145 Cal.App.3d Supp. 25, 31-32 [193 Cal.Rptr. 397].) The primary basis for the judge's ruling on the incompetency issue appears to be counsel's decision not to call defendant or his son to testify. Yet, these decisions may have been based on sound strategy, counsel's investigation or defendant's own wishes and statements. It was certainly incumbent on the court to inquire into counsel's motivations for these decisions. As noted above, a defendant must overcome a strong presumption that counsel's decisions were reasonable; he must also affirmatively prove prejudice. The trial court should have held defendant to his burden of proof.

The order granting a new trial is reversed and the matter remanded to the trial court for a new hearing *solely* on the issue of ineffective representation of counsel.

Sonenshine, J., and Wallin, J., concurred.