[No. B092693. Second Dist., Div. Six. June 5, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT CLARK ROSE, Defendant and Appellant.

**COUNSEL**

Ball, Pyfrom, Yorke & Associates, Esther R. Sorkin, Farley & Cassy and James M. Farley for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin, Frederick Grab and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (S. J.), P. J.**—Robert Clark Rose appeals his convictions by a jury of 10 counts of lewd and lascivious acts upon a child in violation of Penal Code section 288, subdivision (a). After the verdicts, the trial court granted appellant's motion for a new trial, then reversed itself pursuant to a motion for reconsideration and denied the motion for a new trial. Appellant claims that the trial court had no jurisdiction to reverse itself and deny the motion for a new trial. We disagree and affirm the judgment.

### FACTS

When the victim, Christina F., was 12 years old, she met appellant, who persuaded her to attend an event at the St. Mary Magdalene Church in Camarillo sponsored by a religious education program called Catholic Christian Doctrine (CCD).

After participating in the event, Christina attended weekly CCD meetings and monthly CCD recreational activities on a regular basis. Appellant was in charge of the weekly meetings. Their relationship grew into friendship. Since Christina's mother usually was tardy in picking her up from the weekly CCD meetings due to the mother's night classes, appellant volunteered to drive her to and from the meetings. Christina and appellant talked on the telephone often, and she came to like appellant more and more. Appellant began touching her in a sexual manner. After a number of these incidents, Christina began to ignore and avoid appellant.

Christina told her friend Melissa that appellant had touched her and had seen her naked. Christina subsequently told her mother about the molestations. Her mother informed church officials, and the police were notified.

The police obtained a search warrant for appellant's office. Christina's description of his office was consistent with police observations.

The People presented further evidence that appellant started sexually touching his former stepdaughter Donna when she was six years old.

While the jury was deliberating, they inadvertently received a police report concerning his alleged surreptitious videotaping of an adult female coworker, which had been excluded from the evidence.

After the verdict, but prior to the sentencing hearing, the trial court granted appellant's motion for a new trial. The basis for the motion was the

inadvertent receipt of the offending police report by the jury. After a motion for reconsideration by the People, the trial court reversed itself and denied the motion for a new trial.

## DISCUSSION

### *Jurisdiction to Reverse New Trial Ruling*

The trial court based its original ruling on appellant's motion for new trial on the standard of error of "substantial likelihood of prejudice" as utilized in juror misconduct cases. (*People* v. *Marshall* (1990) 50 Cal.3d 907 [269 Cal.Rptr. 269, 790 P.2d 676].) The prosecutor objected to the use of this standard of error without the judge making a finding of juror misconduct, but the court refused to change its ruling.

The prosecution then filed a motion for reconsideration of the court's new trial order, arguing the judge improperly presumed prejudice under *People* v. *Marshall, supra,* 50 Cal.3d at pages 949-951, in the absence of any showing of juror misconduct or prejudice to appellant. It asserted the correct standard of error was whether it was reasonably probable a result more favorable to appellant would have been reached without the error, citing *People* v. *Cooper* (1991) 53 Cal.3d 771 [281 Cal.Rptr. 90, 809 P.2d 865], and *People* v. *Clair* (1992) 2 Cal.4th 629 [7 Cal.Rptr.2d 564, 828 P.2d 705]. Both *Cooper* and *Clair* involved a jury's inadvertent viewing of inadmissible evidence.

The trial court then ruled it had erroneously applied the legal standard contained in *People* v. *Marshall, supra,* since this was not a case of juror misconduct, and thus it was compelled to reconsider the error pursuant to the standard contained in *Cooper* and *Clair, supra,* The court ruled a more favorable result was not reasonably probable had the jury not seen the subject police report.

 ▆▆ Appellant argues that case authority is clear that a trial court has no jurisdiction to reconsider its ruling on a new trial motion, subject to certain limited exceptions which he claims do not apply here.[1] ██ Respondent requests we should reject the long-standing misconception that such a "jurisdictional bar" exists.

In a civil case, a party may request, upon new or different facts or law and within a prescribed deadline, that a trial court reconsider and modify or

---

[1]An order on a motion for new trial may be reconsidered where the ruling is immediately reconsidered before it has been fixed by entry in the minutes and before any further proceedings (*People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865]); where the order is entered inadvertently or prematurely (*People* v. *Martin* (1926) 199 Cal. 240 [248 P. 908]); and where certain policy considerations render the rule inapplicable in a furcated

revoke its prior order. (Code Civ. Proc., § 1008.) A trial court also has the statutory power "[t]o amend . . . its . . . orders so as to make them conform to law and justice." (*Id.*, § 128, subd. (a)(8).) In a criminal case, no statute permits or prohibits a trial court from amending its ruling on a motion for new trial before judgment. (*People* v. *Taylor* (1993) 19 Cal.App.4th 836, 840 [23 Cal.Rptr.2d 846]; *People* v. *Hernandez* (1988) 199 Cal.App.3d 768, 773 [245 Cal.Rptr. 156].)

Citing *In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403], and numerous California Court of Appeal cases, the appellate court in *People* v. *Lindsey* (1969) 275 Cal.App.2d 340, 342-343 [79 Cal.Rptr. 880], stated it was the well-settled rule in a criminal case that when a trial court had made an order on a motion for new trial it had no jurisdiction thereafter to reconsider its order. This became the "*Levi/Lindsey* rule." (*People* v. *Snyder, supra,* 218 Cal.App.3d at pp. 489-490.) Under the rule, the only remedy for the party contesting the order is to appeal. (*Id.*, at p. 490.) The rationale behind the rule is to prevent proceedings on new trial motions from becoming "interminable." (*People* v. *Stewart* (1988) 202 Cal.App.3d 759, 762 [248 Cal.Rptr. 907], citing *People* v. *Martin, supra,* 199 Cal. at p. 242.)

The rule was challenged in 1988 by *People* v. *Stewart, supra,* 202 Cal.App.3d at page 762, which held the California Supreme Court precedent did not support the conclusion that the rule was "jurisdictional." In *People* v. *Martin, supra,* 199 Cal. at page 242, the trial court's lack of jurisdiction resulted from an appeal of the court's ruling on the first new trial motion. In *In re Levi, supra,* 39 Cal.2d 41, no second new trial motion was filed, and the court in a "dictum footnote" interpreted *Martin* as holding that a trial court has no jurisdiction to entertain a second new trial motion. (P. 45.) The *Stewart* court wrote: "In light of the foregoing, we question whether the rule is truly jurisdictional. In our view, the rule does not deprive trial courts of the power to hear second new trial motions. Rather, it directs them to avoid extended new trial proceedings where possible, subject to reasonable exceptions in the interests of justice." (202 Cal.App.3d at p. 763.)

The *Stewart* court concluded that another exception to the rule must be recognized where a defendant brought the first new trial motion on the ground of insufficiency of the evidence and brought his second motion alleging ineffective representation by his counsel who filed the first motion. (202 Cal.App.3d at p. 763.) In support thereof, the appellate court cited *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144], as directing trial judges to avoid appellate review on the basis of judicial economy. (*Ibid.*)

---

trial (*People* v. *Risenhoover* (1966) 240 Cal.App.2d 233 [49 Cal.Rptr. 526]). (*People* v. *Snyder* (1990) 218 Cal.App.3d 480, 489, fn. 5 [266 Cal.Rptr. 915].)

In *People* v. *Snyder, supra,* 218 Cal.App.3d 480, the appellate court agreed with *Stewart*'s narrow exception based on the rule of fostering judicial economy (pp. 490-491, fn. 6), but found fault with *Stewart* for overlooking early Supreme Court precedents in which the jurisdictional language was not dictum. (P. 491, citing *People* v. *Walker* (1904) 142 Cal. 90 [75 P. 658]; *People* v. *Fice* (1893) 97 Cal. 459 [32 P. 531]; and *People* v. *Center* (1882) 61 Cal. 191.) *Snyder* opined that the only remedy for challenging or seeking to vacate a new trial motion ruling continued to be the right of appeal. (218 Cal.App.3d at p. 491.)

Here, the trial court concluded the *Stewart* exception applied. Although we disagree, the court's action of reconsidering its ruling was nevertheless correct.

In *People* v. *Ramirez* (1992) 6 Cal.App.4th 1583, 1593, footnote 6 [8 Cal.Rptr.2d 529], the appellate court cogently stated pursuant to a broader rule than the subject one, "We acknowledge a line of authority holding errors in the exercise of judicial discretion . . . 'noncorrectable.' (See *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729].) However, this doctrine has been largely applied to prohibit the correction of errors postjudgment. (See *ibid.*; 7 Witkin (3d ed. 1985) Cal. Procedure, Judgment § 66, p. 500.) Furthermore, most cases relying on the doctrine have prevented reconsideration of the *factual bases* for rulings greatly affecting the rights or status of a party. (See, e.g., *People* v. *McGee* (1991) 232 Cal.App.3d 620 [283 Cal.Rptr. 528] . . . .) [¶] We have found no authority prohibiting reconsideration after a trial court applies the wrong standard of law in an evidentiary matter."

Here, not only did the trial court vacate its first new trial motion ruling while it still retained jurisdiction over the case, the trial court reversed its ruling only *on an issue of law*. Although this ruling involved the correct legal standard of prejudice and hence required a reevaluation of the facts under the substituted standard, *no new factual findings were made* as a result thereof which would have affected appellant's substantial interest in evidentiary matters. The judge simply amended his order to make it "conform to law." (Code Civ. Proc., § 128, subd. (a)(8).) In these circumstances, where jurisdiction exists and the court is considering only issues of law, it is proper to reconsider its granting of a new trial motion.

A trial court obviously cannot reconsider its new trial motion ruling after it has lost jurisdiction over the case. (See *People* v. *Martin, supra,* 199 Cal. 240, where the trial court granted a second new trial motion during the pendency of an appeal.) If the trial court has the jurisdiction, the policy of

judicial economy would be thwarted by not allowing the trial court to proceed in correcting an error of law. We are not suggesting that anytime a trial court has the jurisdiction to review a second new trial motion it should do so. A second new trial motion should fail, despite the trial court having jurisdiction, where the grounds in the second motion are untimely raised (*People* v. *Taylor, supra,* 19 Cal.App.4th at p. 851 (dis. opn. of Johnson, J.)), or the grounds require new factual findings (*People* v. *Ramirez, supra,* 6 Cal.App.4th at p. 1593, fn. 6). In such instances, the rule against reconsidering the granting of a new trial motion is not properly grounded on the concept of jurisdiction, but on principles of fairness to the parties and the court and preventing endless rehearings and reconsiderations.

We conclude the trial court here properly vacated its initial ruling granting appellant's motion for new trial.

*Prior Misconduct Evidence*

■ Appellant contends reversible error resulted from the jury's consideration of prejudicial evidence of his prior misconduct.

He first argues the jurors' viewing of the aforementioned police report deprived him of the opportunity to conduct cross-examination. He cites federal district case authority as support for his proposition that the error herein should be judged according to the standard for reviewing federal constitutional error.

We follow the California Supreme Court, which has enunciated the applicable standard of prejudice of "ordinary error" to be utilized in cases where a jury has innocently viewed extrinsic evidence. (*People* v. *Clair, supra,* 2 Cal.4th at p. 668.) The trial court here determined the erroneous receipt of the police report did not prejudice appellant based on "the strength and detail" of the victim's testimony, and the absence of testimony by the prosecution witnesses on the subject of videotaping. Exercising our authority to independently review the error for prejudice, we agree with the trial court that, in view of the absence of a factual connection between the contents of the police report and the issues at appellant's trial, it is not reasonably probable that he would have received a favorable outcome had the jurors not inadvertently viewed the report. (*Ibid.*)

■ Appellant next complains about the introduction of prior uncharged acts of sexual molestation, which he claims the trial court had expressly excluded from the evidence.

Prior to jury selection, the trial court conducted a hearing on the admissibility of these prior uncharged acts involving three minor females. The

prosecution sought to introduce the testimony of these alleged victims on the issue of common design and plan, i.e., that appellant had a pattern of gaining the trust of and then taking advantage of fatherless young girls. The trial judge ruled that, based on sufficient similarities with this case, he would allow admission of the uncharged conduct against appellant's former step-daughter Donna, but not the alleged uncharged conduct against the two other alleged victims.

During Donna's direct testimony, she made several references to certain acts appellant simultaneously committed against her and two other girls. Although defense counsel did not timely object to this testimony on the ground the trial court had prohibited its receipt, he did eventually ask to be heard outside the jury's presence where he moved for mistrial on the basis that appellant was prejudiced by the introduction of a "whole series of prior acts."

The judge properly denied this motion. The additional testimony was no more damaging or prejudicial than Donna's permissible testimony about the acts appellant committed against her. (*People* v. *Ewoldt* (1994) 7 Cal.4th 380, 405 [27 Cal.Rptr.2d 646, 867 P.2d 757].) In addition, there was overwhelming evidence of appellant's guilt apart from the improper testimony, including Christina's and Donna's unchallenged testimony. (*People* v. *Harris* (1994) 22 Cal.App.4th 1575, 1581 [28 Cal.Rptr.2d 317].)

The judgment is affirmed.

Gilbert, J., and Yegan, J., concurred.

A petition for a rehearing was denied June 28, 1996, and appellant's petition for review by the Supreme Court was denied September 18, 1996. Mosk, J., was of the opinion that the petition should be granted.