120 Cal.Rptr.2d 95 (2002)
98 Cal.App.4th 887
The PEOPLE, Plaintiff and Respondent,
v.
Robert Bernard DeLOUIZE, Defendant and Appellant.
No. A093574.
Court of Appeal, First District, Division Four.
May 28, 2002.
Review Granted August 14, 2002.
George Oliver Benton, First District Appellate Project, Santa Rosa, for Appellant.
*96 Office of Attorney General, Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Senior Assistant Attorney General, Catherine A. Rivlin, Supervising Deputy Attorney General, Matthew P. Boyle, Deputy Attorney General, for Respondent.
Certified for Partial Publication.[*]
SEPULVEDA, J.
A jury found defendant Robert Bernard DeLouize guilty of three counts of lewd or lascivious acts with a child under the age of 14 years (Pen.Code, § 288, subd. (a)). On appeal he contends (1) the trial court lacked jurisdiction to reverse its order granting him a new trial, and (2) the version of CALJIC No. 2.50.01 read to the jury permitted a conviction without proof of guilt beyond a reasonable doubt.
We conclude the trial court had the discretion to reconsider its order granting a new trial and that the jury was properly instructed. We affirm the judgment.

BACKGROUND
Defendant was a karate instructor in Fort Bragg. His victim, Heather H., was 11 years old when she began taking karate instruction from defendant.
Heather testified regarding a series of escalating sexual advances by defendant. First defendant instructed her to hit him in the groin area during a karate move. This was unusual. Defendant showed other students a similar move, but only Heather was told to make contact. Next defendant told her that her breasts and vagina belonged to him. Then, under the guise of helping her to meditate, defendant began to touch Heather's breasts and genitals. Finally, he took her hand and rubbed his penis with it through his clothing.
Heather eventually told her mother that defendant was molesting her, and her mother's fiance called the police. The police had Heather telephone defendant. During the call, Heather asked defendant what rubbing her breasts and "privates" had to do with meditation, and he replied, "I don't know; it's just strengthening the mind."
The People introduced evidence of another incident involving a girl in lone, California in 1992. Tiffany R. testified that she had taken karate lessons from defendant when she was 12 years old. On one occasion, when she was sitting in a car with defendant, he grabbed her, laid her across his lap, rubbed her chest, and touched her breasts. He told her "it was all meditation."

DISCUSSION

A. Jurisdiction to Reconsider a New Trial Order
Based on a Court of Appeal decision issued after the jury returned its verdict, defendant moved for a new trial on the ground that the jury was erroneously instructed on the burden of proof. The trial court granted the motion. When the decision defendant cited was later ordered not to be published by the Supreme Court, the People moved to reinstate the jury verdict. The trial court granted the People's motion, reinstated the jury verdict, and reversed its order granting a new trial.
Defendant contends the trial court lacked jurisdiction to reverse its order granting a new trial.
There is authority that supports defendant's contention. (See e.g., People v. Taylor (1993) 19 Cal.App.4th 836, 842, 23 Cal.Rptr.2d 846; People v. Snyder (1990) 218 Cal.App.3d 480, 489-491, 266 Cal.Rptr. 915; People v. Hernandez (1988) 199 Cal. *97 App.3d 768, 771-773, 245 Cal.Rptr. 156; People v. Lindsey (1969) 275 Cal.App.2d 340, 343-344, 79 Cal.Rptr. 880.) The rule applied in these cases, as stated in People v. Taylor, supra, 19 Cal.App.4th at p. 840, 23 Cal.Rptr.2d 846, is that once a court has granted or denied a new trial motion, it has no authority to entertain a second motion or to change its former order. The only remedy for the aggrieved party is an appeal. (People v. Lindsey, supra, 275 Cal.App.2d at p. 343, 79 Cal.Rptr. 880.) Citing dictum in one Supreme Court opinion (In re Levi (1952) 39 Cal.2d 41, 45, fn. *, 244 P.2d 403) and language in an even earlier Supreme Court decision (People v. Martin (1926) 199 Cal. 240, 248 P. 908), the court in People v. Hernandez pronounced the rule "long established." (199 Cal.App.3d at p. 773, 245 Cal.Rptr. 156.)
Over the years several exceptions have developed to this rule. (See People v. Snyder, supra, 218 Cal.App.3d at p. 489, fn. 5, 266 Cal.Rptr. 915.) The latest exception was created in People v. Stewart (1988) 202 Cal.App.3d 759, 762-763, 248 Cal.Rptr. 907, but not before the court questioned the proposition that the trial court was without authority or had no jurisdiction to hear a second new trial motion. Though the Stewart court settled on merely creating a new exception to the rule (for a second new trial motion brought on the ground of ineffective representation in connection with the first motion), its decision opened the door for further reconsideration of the rule.
Thus, building on Stewart, supra, 202 Cal.App.3d 759, 248 Cal.Rptr. 907, a panel from the Second District examined the underpinnings of the rule and found no jurisdictional bar to reconsideration of an order granting a new trial. (People v. Rose (1996) 46 Cal.App.4th 257, 261-264, 53 Cal.Rptr.2d 559.) First, the court noted there was no statutory basis for the rule. (Id. at p. 262, 53 Cal.Rptr.2d 559.) Second, the Supreme Court authority relied upon in earlier decisions did not support the conclusion that the rule was jurisdictional. (Ibid.; People v. Stewart, supra, 202 Cal.App.3d at pp. 762-763, 248 Cal. Rptr. 907.)[1] Third, "the policy of judicial economy would be thwarted by not allowing the trial court to proceed in correcting an error of law." (Rose, supra, at pp. 263-264, 53 Cal.Rptr.2d 559.) Thus, concluded the Rose court, prior to entry of judgment a trial court may reconsider its granting of a new trial motion in order to correct an error of law. (Id. at p. 263, 53 Cal.Rptr.2d 559; see also People v. Castello (1998) 65 Cal.App.4th 1242, 1246, 77 Cal.Rptr.2d 314 [in criminal proceedings there are few limits on a court's power to reconsider interim rulings].)
Here, the People asked the trial court to correct an error of law prior to entry of judgment. Defendant suggests the People's request was untimely, but the record shows the People moved to reinstate the jury verdict 30 days after the Court of Appeal opinion was decertified. Defendant has not cited any statute or rule that sets a time limit for requesting reconsideration of an order in a criminal proceeding. (See People v. Castello, supra, 65 Cal. App.4th at pp. 1249-1250, 77 Cal.Rptr.2d 314 [Code of Civil Procedure section 1008 does not apply in criminal proceedings].) We conclude the trial court properly exercised its discretion to reconsider its order granting a new trial.

*98 B. CALJIC No. 2.50.01[**]

DISPOSITION
The judgment is affirmed.
We concur: REARDON, Acting P.J., and RIVERA, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.
[1] In People v. Risenhoover (1966) 240 Cal. App.2d 233, 235-236, 49 Cal.Rptr. 526, the appellate court noted a change in statutory law eliminated the jurisdictional basis for the rule identified in People v. Martin, supra, 199 Cal. 240, 248 P. 908.
[**] See footnote *, ante.