[No. S108119. May 24, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT DELOUIZE, Defendant and Appellant.

COUNSEL

George O. Benton, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler, Acting Assistant Attorney General, Catherine A. Rivlin, Matthew P. Boyle and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KENNARD, J.**—May the trial court in a criminal case reconsider an order granting the defendant's motion for a new trial after the time for the prosecution to appeal the order has expired? Here, the Court of Appeal held that a trial court retains jurisdiction to reconsider an order granting a new trial, and to reinstate a jury's verdicts. We agree, and thus we affirm the Court of Appeal's judgment.

I

Because the circumstances of the offenses are not relevant to the issue raised on appeal, this statement of facts is limited to the procedural history of the case.

The District Attorney of Mendocino County, by information, charged defendant Robert DeLouize with three counts of lewd acts with a minor (Pen. Code, § 288, subd. (a)), and one count of continuing sexual abuse of a minor (*id.*, § 288.5). The information alleged, for sentencing purposes (*id.*, §§ 667, subds. (a), (d)–(e), 1170.12, subd. (c)(1)), that defendant had previously been convicted of the felony of robbery.

At the trial, after the prosecution had presented its case, the defense moved for a judgment of acquittal (Pen. Code, § 1118.1) on the count charging continuing sexual abuse of a minor. The court granted the motion, finding the evidence insufficient to sustain the charge. The remaining three counts were submitted to the jury. Because the prosecution had presented evidence that defendant had committed an earlier uncharged and unadjudicated offense of sexual molestation, the trial court instructed the jury, using the pre-1999 version of CALJIC No. 2.50.01, on the proper use of that evidence. The jury returned verdicts finding defendant guilty as charged of three counts of lewd acts with a minor. Defendant then waived a jury trial on the prior conviction allegation, and, after presentation of evidence, the trial court found the allegation true.

On July 6, 1999, the defense filed a motion for a new trial on the ground that the trial court had committed reversible error by instructing the jury in the language of CALJIC No. 2.50.01. The defense cited what was then a recently published Court of Appeal decision holding that the instruction unconstitutionally lowered the prosecution's burden of proof and that giving the instruction was structural error requiring reversal. On July 19, 1999, the day set for pronouncement of judgment, the trial court granted the defense motion for a new trial. Although the prosecution could have appealed the order granting a new trial (Pen. Code, § 1238, subd. (a)(3)), it did not do so.

On November 19, 1999, after the expiration of the 60 days within which the prosecution could have filed a timely notice of appeal (see Cal. Rules of Court, rule 31(a)), the prosecution brought a motion requesting reconsideration of the order granting a new trial. The prosecution pointed out that on September 24, 1999, a Court of Appeal had issued a published decision holding that CALJIC No. 2.50.01 was valid (*People v. Van Winkle* (1999) 75 Cal.App.4th 133 [89 Cal.Rptr.2d 28] (*Van Winkle*)); that on October 20, 1999, this court had ordered depublication (see Cal. Rules of Court, rule 979(c)) of the Court of Appeal opinion upon which the defense had relied in support of the motion for a new trial; and that on November 1, 1999, this court had published a decision stating that CALJIC No. 2.50.01, as revised in 1999, "adequately sets forth the controlling principles under section 1108" (*People v. Falsetta* (1999) 21 Cal.4th 903, 924 [89 Cal.Rptr.2d 847, 986 P.2d 182] (*Falsetta*)). On November 29, 1999, the court granted the prosecution's motion to reinstate the jury verdicts.

On October 17, 2000, the trial court sentenced defendant to a term of 17 years in state prison, with 716 days of presentence custody credits. Defendant filed a timely notice of appeal from the judgment.

The Court of Appeal affirmed in a partially published opinion. It concluded that the trial court had authority to reconsider its ruling granting a motion for a new trial, that it properly exercised its discretion to do so, and that the pre-1999 version of CALJIC No. 2.50.01, when viewed in the context of the entire body of instructions given the jury, did not impermissibly lighten the prosecution's burden of proof.

We granted defendant's petition for review, limiting the issue to be briefed and argued to whether the superior court retained jurisdiction to vacate its order granting defendant's motion for a new trial and to enter an order denying the motion.

II

▆▆ This court has held that, in a criminal case, a trial court that has *denied* a motion for a new trial lacks authority to consider and grant a second or renewed motion for a new trial. (*People v. Martin* (1926) 199 Cal. 240 [248 P. 908]; *People v. Fice* (1893) 97 Cal. 459 [32 P. 531]; see also *In re Levi* (1952) 39 Cal.2d 41, 45, fn. * [244 P.2d 403].)[1] But we have not previously decided whether, in a criminal case, a trial court is similarly prohibited from reconsidering an order *granting* a new trial. This issue has divided the Courts of Appeal.

In *People v. Paysen* (1932) 123 Cal.App. 396 [11 P.2d 431] (*Paysen*), the Court of Appeal applied the rule that this court had established prohibiting a trial court from entertaining a second motion for new trial. But the court's opinion suggested, unnecessarily and without citation of authority, that the same rule governed a motion to reconsider an order *granting* a new trial. The court said: "Once a motion for a new trial has been ruled upon in a criminal case *and an order made either granting or denying such application,* the only remedy for the party deeming himself aggrieved is by an appeal from such order, for the court is without authority to entertain a subsequent motion the object of which is to change or vacate its former order." (*Id.* at p. 399, italics added.) This language was repeated with apparent approval in *People v. Hanks* (1939) 35 Cal.App.2d 290 [95 P.2d 478] (*Hanks*) and *People v. Collins* (1950) 97 Cal.App.2d 552 [218 P.2d 87] (*Collins*), both of which, like *Paysen*, concerned a defendant's second or renewed motion for a new trial,

---

[1] Later decisions have recognized certain exceptions to this general rule. (See *People v. Stewart* (1988) 202 Cal.App.3d 759 [248 Cal.Rptr. 907].)

not a motion by the prosecution for reconsideration of an order granting a new trial. (*Collins, supra,* at pp. 554–555; *Hanks, supra,* at p. 300.)

In *People v. Lindsey* (1969) 275 Cal.App.2d 340 [79 Cal.Rptr. 880] (*Lindsey*), after a jury had convicted the defendant of assault with a deadly weapon, the trial court granted the defendant's motion for new trial limited to the issue of his sanity at the time of the offense. The prosecution did not appeal the order granting a new trial. On the date set for the new trial on sanity, the trial court granted a defense motion to vacate the order granting a new trial and to withdraw the plea of not guilty by reason of insanity. The trial court suspended criminal proceedings while the defendant was committed to a state hospital for purposes of determining his competency. When criminal proceedings resumed, the defendant moved again for a new trial on the issue of his sanity at the time of the offense and also to enter a new plea of not guilty by reason of insanity, but the trial court denied these motions. (*Id.* at pp. 341–343.)

On the defendant's appeal from the judgment of conviction, the *Lindsey* Court of Appeal affirmed, reasoning that once the trial court had granted the motion for a new trial on sanity, "jurisdiction was no longer present in the trial court to upset its prior ruling." (*Lindsey, supra,* 275 Cal.App.2d at p. 343.) As authority for this proposition, the court cited *In re Levi, supra,* 39 Cal.2d 41, which said nothing about a trial court's authority to reconsider an order granting a new trial, and *Collins, supra,* 97 Cal.App.2d 552, which addressed the issue only in dictum. The Court of Appeal went on to hold that although "the attempted reconsideration of the motion for new trial was ineffective," the court's error in purporting to vacate the new trial order was harmless because "the remaining issue was resolved by the withdrawal of the insanity plea." (*Lindsey, supra,* 275 Cal.App.2d at p. 344.) The trial court properly denied the defendant's second motion for a new trial on sanity and to enter an insanity plea because "these further motions were ineffective." (*Ibid.*)

In *People v. Hernandez* (1988) 199 Cal.App.3d 768 [245 Cal.Rptr. 156] (*Hernandez*), the defendant was convicted of two counts of assault with a firearm. The defense moved for a new trial on the ground of newly discovered evidence, and the trial court granted the motion. Two days later, however, the court on its own motion vacated the ruling and held a further hearing, after which it denied the motion for a new trial. (*Id.* at pp. 770–771.) On the defendant's appeal from the resulting judgment, the Court of Appeal reversed, holding that the trial court lacked jurisdiction to reconsider its order granting a new trial. The court relied on what it termed "the *Levi/Lindsey* rule" as prohibiting a trial court, subject to "some limited exceptions," from entertaining a motion to reconsider or vacate a prior order either granting or denying a new trial. (*Id.* at p. 771.)

In *People v. Snyder* (1990) 218 Cal.App.3d 480 [266 Cal.Rptr. 915] (*Snyder*), after the defendant had been convicted of certain offenses involving the manufacture and possession of controlled substances, the trial court granted the defendant's motion for a new trial. The prosecution then moved for reconsideration. The trial court granted the motion, vacated its order granting a new trial, and entered a new order denying the motion. After pronouncement of sentence, the defendant appealed. (*Id.* at pp. 486–487.)

The *Snyder* Court of Appeal agreed with the defendant that the trial court "was without authority to reconsider its previous order granting a new trial." (*Snyder, supra,* 218 Cal.App.3d at p. 489.) The court stated that, subject to certain limited exceptions, a court is without authority to change or vacate an order either granting or denying a motion for a new trial. (*Id.* at pp. 489–490.) According to the court, "[a]n order on a motion for new trial may be reconsidered (1) where the ruling is immediately reconsidered before it has been fixed by entry in the minutes and before any further proceedings have transpired [citation]; (2) in a furcated trial, where certain policy considerations render the general rule inapplicable [citation]; or (3) where the order is entered inadvertently or prematurely [citation]." (*Id.* at p. 489, fn. 5.)

The *Snyder* Court of Appeal rejected the People's argument that the original order granting a new trial was a "nullity" because the trial court had "failed to perform its duty independently to reweigh the evidence, and also failed to provide the People with their due process right to be heard on the merits." (*Snyder, supra,* 218 Cal.App.3d at p. 490.) The Court of Appeal reasoned that although the court's ruling "may well have been erroneous, and perhaps constituted an abuse of discretion justifying reversal . . . it was not void *ab initio.*" (*Ibid.*) The Court of Appeal concluded that "the trial court's order granting a new trial exhausted its authority on that issue, and the People's remedy was to pursue the appellate rights provided by statute [citation] rather than seek to vacate the previously entered order." (*Id.* at p. 491.)

A different view was expressed in *People v. Rose* (1996) 46 Cal.App.4th 257 [53 Cal.Rptr.2d 559] (*Rose*). There, after the defendant was convicted of 10 counts of lewd acts on a minor, the trial court granted the defendant's motion for a new trial, the prosecution moved for reconsideration, and the trial court reversed itself by vacating its previous order and denying the motion for a new trial. On the defendant's appeal from the resulting judgment, the Court of Appeal affirmed. (*Id.* at pp. 260–261.)

Noting that "[i]n a criminal case, no statute permits or prohibits a trial court from amending its ruling on a motion for new trial before judgment," the *Rose* Court of Appeal reviewed the previously mentioned decisions in

*Lindsey, supra,* 275 Cal.App.2d 340, and *Snyder, supra,* 218 Cal.App.3d 480. (*Rose, supra,* 46 Cal.App.4th at p. 262.) The court acknowledged that "[a] trial court obviously cannot reconsider its new trial motion ruling after it has lost jurisdiction over the case" (*id.* at p. 263 [53 Cal.Rptr.2d 559]), but it asserted that if the trial court has such jurisdiction, "the policy of judicial economy would be thwarted by not allowing the trial court to proceed in correcting an error of law" (*id.* at pp. 263–264).

### III

■   Generally speaking, courts may correct judicial error in the making of interim orders or in limine rulings until pronouncement or entry of a judgment. (See *People v. Jackson* (1996) 13 Cal.4th 1164, 1205 [56 Cal.Rptr.2d 49, 920 P.2d 1254]; *People v. Eggers* (1947) 30 Cal.2d 676, 692 [185 P.2d 1].)[2] On the other hand, judicial error in the making of a final order or judgment "may not be corrected except pursuant to statutory procedures" or on the limited grounds available for a collateral attack. (*Minardi v. Collopy* (1957) 49 Cal.2d 348, 353 [316 P.2d 952]; accord, *Gill v. Epstein* (1965) 62 Cal.2d 611, 615 [44 Cal.Rptr. 45, 401 P.2d 397]; *Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Smith v. Superior Court* (1981) 115 Cal.App.3d 285, 288–290 [171 Cal.Rptr. 387].) Is an order granting a new trial an interim order or a final order for purposes of these rules?

■   An order granting a new trial is not final in the sense of being a final resolution of the case or a final determination of the defendant's guilt or innocence. On the contrary, an order granting a new trial "does not finally dispose of the matter." (*Jiminez v. Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387 [93 Cal.Rptr. 769, 482 P.2d 681].)   ■   In a criminal case, "[t]he granting of a new trial places the parties in the same position as if no trial had been had." (Pen. Code, § 1180.) Thus, an order granting a new trial is an interim order in the sense that it requires further proceedings before the case may be resolved and judgment may be pronounced.

---

[2] Some Courts of Appeal have stated that the power to correct judicial error in interim orders before judgment is an inherent judicial power derived from the California Constitution, and therefore this power cannot be impaired by statute. (See, e.g., *Fischer v. First Internat. Bank* (2003) 109 Cal.App.4th 1433, 1451 [1 Cal.Rptr.3d 162]; *Scott Co. v. United States Fidelity & Guaranty Ins. Co.* (2003) 107 Cal.App.4th 197, 210 [132 Cal.Rptr.2d 89]; *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 388 [130 Cal.Rptr.2d 754]; *Wozniak v. Lucutz* (2002) 102 Cal.App.4th 1031, 1042 [126 Cal.Rptr.2d 310]; *Blake v. Ecker* (2001) 93 Cal.App.4th 728, 739, fn. 10 [113 Cal.Rptr.2d 422]; *People v. Castello* (1998) 65 Cal.App.4th 1242, 1247–1250 [77 Cal.Rptr.2d 314].) Other Courts of Appeal have held that statutory restrictions on a court's power to reconsider its interim rulings, such as the restrictions found in Code of Civil Procedure section 1008, are valid and constitutional. (See, e.g., *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200 [69 Cal.Rptr.2d 592].) As the issue is not before us, we venture no view on this dispute.

Although courts have sometimes used appealability as a test for distinguishing final orders from interim orders (see, e.g., *Robbins v. Los Angeles Unified School District* (1992) 3 Cal.App.4th 313, 317 [4 Cal.Rptr.2d 649]; *Jones v. Sieve* (1988) 203 Cal.App.3d 359, 370 [249 Cal.Rptr. 821]), a better approach here, we think, is to analyze the issue in terms of the policies underlying the general concept of finality. Orders and judgments are deemed final in the superior court, and not subject to reconsideration by that court, to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues. (See *Custis v. United States* (1994) 511 U.S. 485, 497 [128 L.Ed.2d 517, 114 S.Ct. 1732].) The concept of finality "rests upon the sound policy of limiting litigation by preventing a party who has had one fair adversary hearing on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination." (*In re Crow* (1971) 4 Cal.3d 613, 622–623 [94 Cal.Rptr. 254, 483 P.2d 1206]; accord, *In re Rogers* (1980) 28 Cal.3d 429, 438 [169 Cal.Rptr. 222, 619 P.2d 415].) This court has recognized that "[e]ndless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice . . . ." (*Pico v. Cohn* (1891) 91 Cal. 129, 134 [25 P. 970]; accord, *United States v. Throckmorton* (1878) 98 U.S. 61, 68–69 [25 L.Ed. 93]; *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 11 [74 Cal.Rptr.2d 248, 954 P.2d 511].)

Because new trials substantially prolong criminal proceedings, allowing trial courts some authority to reconsider and to vacate orders granting new trials may lead to earlier resolution of the matter and thereby promote the interests underlying judicial finality rules. The time required to reconsider an order granting a new trial is brief in relation to the duration of a new criminal trial. If, as here, the trial court after reconsideration concludes that it erred in granting a new trial, and it reinstates the jury verdicts, then reconsideration avoids repetitive litigation of the charges and permits an earlier resolution of the case in the trial court by pronouncement of judgment. In this way, reconsideration of an erroneously granted new trial promotes confidence in the judicial system, conserves judicial resources, and spares the parties from the inconvenience and expense of a second trial. In short, recognizing trial courts' authority to reconsider orders granting new trials will often result in less trial court litigation, not more, and an earlier rather than a later resolution of the case in the trial court.

A party's failure to file a timely appeal from an appealable order generally shows acquiescence in the ruling (see *American Enterprise, Inc. v. Van Winkle* (1952) 39 Cal.2d 210, 221 [246 P.2d 935]; *United Pacific Ins. Co. v. Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 942 [266 Cal.Rptr. 231]; *People v. Cabral* (1975) 51 Cal.App.3d 707, 718 [124 Cal.Rptr. 418]), and

this acquiescence may bar a later motion in the trial court seeking reconsideration of the ruling. But courts should not apply this rationale when grounds for reconsideration come to light only after the time for appeal has passed.

■ Here, when the trial court granted defendant's motion for a new trial, and throughout the 60-day period during which the prosecution could have filed an appeal from the order granting a new trial, the only appellate decision to consider the issue had held that CALJIC No. 2.50.01 was defective on constitutional grounds. After the time for appeal had expired, however, that decision was depublished and another Court of Appeal published a decision reaching the opposite conclusion. (*Van Winkle, supra,* 75 Cal.App.4th 133.) Together, these subsequent developments constituted a material change in the law undercutting the legal ground for defendant's new trial motion, and thus the very purpose for having a new trial. In this unusual situation, the superior court acted properly in entertaining the prosecution's motion to reconsider the order granting a new trial.[3]

■ For these reasons, we hold that, in this case, the order granting a new trial was an interim order that the trial court could reconsider, even after the time for the prosecution to take an appeal had expired.[4]

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[3] At present, there is a conflict in published Courts of Appeal decisions on the validity of the pre-1999 version of CALJIC No. 2.50.01 that was given in this case. (Compare, e.g., *Van Winkle, supra,* 75 Cal.App.4th 133 [holding the instruction valid] with *People v. Vichroy* (1999) 76 Cal.App.4th 92, 99 [90 Cal.Rptr.2d 105] [holding to the contrary].) Because it concerned a later version of the same instruction, our decision in *Falsetta, supra,* 21 Cal.4th at page 924, did not directly address or resolve this conflict.

We did not grant review in this case to determine the validity of the pre-1999 version of CALJIC No. 2.50.01, and we express no opinion on that issue. We hold only that the trial court had a proper basis to reconsider its decision granting a new trial.

[4] To the extent they are inconsistent with this holding, we disapprove *People v. Snyder, supra,* 218 Cal.App.3d 480; *People v. Hernandez, supra,* 199 Cal.App.3d 768; *People v. Lindsey, supra,* 275 Cal.App.2d 340, 343; *People v. Collins, supra,* 97 Cal.App.2d 552; *People v. Hanks, supra,* 35 Cal.App.2d 290; and *People v. Paysen, supra,* 123 Cal.App. 396.