[Crim. No. 430.   Fifth Dist.   Mar. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. OSCAR
ARCHIE CLIFTON, Defendant and Appellant.

J. M. Lopes for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws, Joel S. Primes and Marjory Winston Parker, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—This is the second time that this case has been before this court. The defendant, Oscar Archie Clifton, having been convicted at a trial by a jury of the crime of assault with intent to commit rape, previously appealed his case, and on January 25, 1967, an opinion was filed in this court affirming his conviction, but finding that as the trial court had erroneously committed the defendant to the Tulare County jail rather than to a state prison, as provided by the applicable code section, we directed that he be resentenced by the trial court; we specifically provided that the trial court could also reconsider its previous refusal of probation if it wished to do so. When the remittitur was filed with the county clerk at Visalia, the proceedings here in question took place. The trial judge, who replaced the original trial judge who had meanwhile retired, permitted the defendant's counsel to make a second motion for a new trial, which he denied.

The appellant raises three points:

1) It is urged that it was error on the part of the successor to Judge Meyers to hear the second motion for a new trial;

2) It is urged that the Honorable Robert K. Meyers (although retired), as he was the judge who imposed the former sentence upon the defendant, should have heard the second motion for a new trial; and

(3) The appellant claims that it was error for the judge who tried the case not to have instructed the jury on his own motion that they might find the defendant guilty of a lesser included offense.

In answer to the first point, it was not proper for the trial judge to permit the second motion for a new trial. Before the imposition of the former judgment, Judge Meyers had heard and denied a motion for a new trial and that ended the defendant's right to seek such remedy (*Coombs* v. *Hibberd,* 43 Cal. 452; *People* v. *Walker,* 142 Cal. 90 [75 P. 658]; *People*

v. *Martin,* 199 Cal. 240 [248 P. 908]; *People* v. *Collins,* 97 Cal.App.2d 552, 554 [218 P.2d 87]; Fricke-Alarcon, Cal. Criminal Procedure (7th ed.) p. 474). There was no jurisdiction to hear a second motion for a new trial so the procedure, including the ruling, was a nullity.

With respect to appellant's second point, if a second motion for a new trial had been permitted under our law, it would have been quite proper for Judge Locke to hear and rule on it. Judge Meyers had retired and was not in a position to act on a new trial unless he had been specially directed to resume his judicial functions by assignment of the chief justice, which he had not been.

Regarding the third point relative to instructions, the defendant has not provided a proper record which could be used on appeal; neither in the original appeal nor in this second appeal has there been any showing of what instructions were in fact given, or what instructions, if any, were requested.

As is stated in 3 California Jurisprudence, Second Edition, Appeal and Error, section 260, page 781:

"For an appeal to engage the consideration of an appellate court, it must be brought up on a record which, in addition to being otherwise formally sufficient, shows the error calling for correction. Such error is never presumed, but must be affirmatively shown, and the burden is upon the appellant to present a record showing it, any uncertainty in the record in that respect being resolved against him." This basic rule is a corollary of the equally fundamental principle that all presumptions and intendments are in favor of the regularity of the action of the lower court in the absence of a record to the contrary. This rule is general and has been applied many times in connection with appeals. Another principle equally well known is stated in 3 California Jurisprudence, Second Edition, Appeal and Error, section 275, page 819, as follows: "Unless the record sets forth the instruction in question, neither the giving nor the refusal to give an instruction will be reviewed by an appellate court."

The attempt to appeal from the denial of the second motion for a new trial is dismissed as being nonappealable.

No error having been committed by the trial court, the order for probation is affirmed.

Stone, J., and Gargano, J., concurred.