Filed 4/24/13  P. v. Solomon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LANDON ANTHONY SOLOMON,<br><br>        Defendant and Appellant. | B239354<br>(Los Angeles County<br>Super. Ct. No.  GA083955) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Janice Claire Croft, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Landon Anthony Solomon challenges his conviction for petty theft with three prior theft-related convictions (Pen. Code, § 666), contending that there was prosecutorial misconduct and that he received ineffective assistance of counsel.[1] We conclude that appellant has failed to show reversible error, and thus affirm.

## RELEVANT PROCEDURAL HISTORY

On October 3, 2011, an information was filed, charging appellant with petty theft with three prior convictions. In addition, the information alleged that appellant had served five prior prison terms (§ 667.5, subd. (b)), and had two convictions, for purposes of the "Three Strikes" Law (§§ 667, subds. (b)-(i), 1170. 12, subds. (a)-(d)). Appellant pleaded not guilty and denied the special allegations.

Prior to trial, appellant admitted that he had three prior convictions, for purposes of the offense charged against him. On November 22, 2011, a jury found appellant guilty as charged. In waiving a bench trial on the special allegations, appellant admitted that he had served five prior prison terms (§ 667, subd. (b)) and had one "strike" conviction. The trial court sentenced him to a total prison term of 5 years.

## FACTS

A. *Prosecution Evidence*

On August 6, 2011, Stephanie Villa was employed as an asset protection associate in a Walmart store in Rosemead. She watched five closed circuit television monitors displaying different areas of the store, including the cash registers. Villa was able to move some of the television cameras to adjust her view. Video recordings of the pertinent events that she witnessed were played for

---

[1] All further statutory citations are to the Penal Code.

2

the jury.

At 3:48 p.m., Villa saw appellant accompanying a child in a shopping cart. Appellant opened a package of band-aids, placed one on his finger and several others in his pocket, and replaced the package on a shelf. He then pushed his cart to the children's clothing department, where he joined Sandra Hernandez, who had a second shopping cart containing another child and a reusable shopping bag. Hernandez and appellant selected items of children's clothing that appellant appeared to place in the shopping bag. According to Villa, when appellant and Hernandez left the children's clothing department and moved toward the cash registers, the shopping bag in the cart seemed to be "much fuller than when [Villa] originally saw it."

As appellant and Hernandez approached the cash registers, they removed a wallet from the shopping bag. Afterward, appellant tied up the bag, moved it to a corner of the cart, and put some paper over the bag. He then placed more goods in the cart and entered the cash register area, accompanied by Hernandez. When appellant transferred goods from the cart to the cash register conveyor belt, he removed no items from the shopping bag. He paid only for the goods on the conveyor belt and some gift cards. Hernandez stood nearby while appellant completed the transaction. After appellant and Hernandez left the store with cart, Villa confronted them and discovered unpaid items worth $78.65 inside the shopping bag. In addition, appellant possessed unpaid band-aids valued at $3.32.

B. *Defense Evidence*

Appellant admitted that he had prior convictions for theft-related offenses, but denied that he intended to steal from the Walmart store. He testified that his sole goal was to give his friend, Hernandez, a ride to the store and help with her children, and that Hernandez carried the reusable shopping bag into the store.

3

According to appellant, he placed no items in the bag, and believed that Hernandez was obliged to pay for any goods that it contained. He further stated that Hernandez bought the goods on the cash register conveyor belt.

## DISCUSSION

Appellant contends (1) that there was prosecutorial misconduct, and (2) that his defense counsel rendered ineffective assistance by failing to object to the purported misconduct. For the reasons discussed below, appellant has failed to demonstrate reversible error.

### A. *Prosecutorial Misconduct*

Appellant maintains that the prosecutor's cross-examination of appellant constituted misconduct, arguing that the prosecutor implied the existence of facts unfavorable to appellant, but provided no evidence to establish the facts. Generally, "[i]t is improper for a prosecutor to ask questions of a witness that suggest facts harmful to a defendant, absent a good faith belief that such facts exist. [Citations.]" (*People v. Warren* (1988) 45 Cal.3d 471, 480.) Nonetheless, the prosecutor may ask such questions when he or she has the requisite belief. (*People v. Lucas* (1995) 12 Cal.4th 415, 467.) Appellant asserts that the prosecutor asked questions regarding admissions that appellant purportedly made to a deputy sheriff, but never presented the deputy sheriff as a witness. As explained below, appellant has forfeited his contention.

Appellant was obliged to object to prosecutor's questions in order to preserve his contention of error for appeal. (*People v. Bolden* (2002) 29 Cal.4th 515, 562.) As our Supreme Court has explained, "if the defense does not object, and the prosecutor is not asked to justify the question, a reviewing court is rarely able to determine whether this form of misconduct has occurred. [Citation.]

4

Therefore, a claim of misconduct on this basis is [forfeited] absent a timely and specific objection during the trial." (*People v. Price* (1991) 1 Cal.4th 324, 481.)

The record discloses no objections to the prosecutor's questions or her failure to present the deputy sheriff as a witness. Shortly before defense counsel completed his direct examination of appellant, the prosecutor told the trial court that she intended to cross-examine appellant regarding certain statements that appellant had made to the deputy sheriff. According to the prosecutor, appellant told the deputy sheriff that while he was in the Walmart store, he saw that his finger was bleeding, and took a band-aid from a package on a store shelf to put on his finger. He also told the deputy sheriff that as both of Hernandez's children had opened beverages, he put some of the clothing in the bag to protect it. Defense counsel asserted no objection to the proposed questions.

Later, during the prosecutor's cross-examination, appellant denied that he opened a package of band-aids and placed one on his finger, and that he put items of clothing in the shopping bag. He also denied telling the deputy sheriff that he took a band-aid and placed clothing in the bag. Defense counsel did not object to the prosecutor's questions regarding these matters.

After appellant completed his defense-in-chief, the trial court asked whether the prosecutor had more witnesses. When the prosecutor replied that she was considering presenting the deputy sheriff who had heard appellant's remarks, defense counsel requested an opportunity to retrieve a transcript of the deputy sheriff's testimony in an unrelated trial. Defense counsel stated: "I was able to cross-examine [the deputy sheriff] on some very inconsistent statements in his testimony, and I would want to make a photocopy of that transcript and give it to the prosecution." The trial court initially stated that it was prepared to continue the trial to facilitate defense counsel's proposed cross-examination of the deputy sheriff. However, after a brief recess, the court informed the jury that both sides

5

had rested.  The record discloses no objection by defense counsel to the prosecutor's decision not to call the deputy sheriff and no request for any admonition to the jury.  Nor does the record reveal the prosecutor's reason for her decision.

The record thus establishes that appellant forfeited his contention of error. Appellant objected neither to the prosecutor's cross-examination nor to her failure to call the deputy sheriff as a witness.  Defense counsel requested no admonition. Accordingly, appellant has not preserved the issue of prosecutorial misconduct for review.  (*People v. Price*, *supra*, 1 Cal.4th at p. 481.)

Moreover, we would not find misconduct were we to consider appellant's contention.  On appeal, "'error is never presumed, but must be affirmatively shown, and the burden is upon the appellant to present a record showing it, any uncertainty in the record in that respect being resolved against him.'"  (*People v. Clifton* (1969) 270 Cal.App.2d 860, 862, quoting 3 Cal.Jur.2d (1952) Appeal and Error, § 260, pp. 781-782.)  Ordinarily, the prosecutor's failure to submit evidence confirming the facts underlying his or her questions, by itself, does not prove the absence of a good faith belief in those facts, unless that is the only reasonable inference supported by the record.  (*People v. Bittaker* (1989) 48 Cal.3d 1046, 1098.)  Nothing before us suggests the prosecutor lacked a good faith belief regarding appellant's admissions to the deputy sheriff.  On the contrary, both the prosecutor and defense counsel appear to have believed that the deputy sheriff, if called as a witness, would testify that appellant made the admissions.  In sum, appellant has failed to demonstrate prosecutorial misconduct.

B.  *Ineffective Assistance of Counsel*

Appellant also contends that his counsel rendered ineffective assistance by asserting no objection to the prosecutor's cross-examination and her subsequent

6

failure to call the deputy sheriff.[2] We disagree. Generally, "[w]hether to object to arguably inadmissible evidence is a tactical decision; because trial counsel's tactical decisions are accorded substantial deference, failure to object seldom establishes counsel's incompetence." (*People v. Maury* (2003) 30 Cal.4th 342, 415-416.) In such cases, we will find ineffective assistance only when "the record on appeal demonstrates counsel had no rational purpose for the failure to object . . . ." (*People v. Lucas*, *supra*, 12 Cal.4th at p. 445.)

Here, the record discloses a rational tactical basis for defense counsel's conduct. As noted above, when appellant denied telling the deputy sheriff that he took a band-aid and put clothing in the shopping bag, both the prosecutor and defense counsel appear to have believed that the deputy sheriff, if called as a witness, would rebut appellant's testimony. Under the circumstances, it was not objectively unreasonable for defense counsel to remain silent regarding the prosecutor's cross-examination and failure to call the deputy sheriff, rather than assert objections that might highlight appellant's testimony or compel the prosecutor to call the deputy sheriff. (See *People v. Rowland* (1992) 4 Cal.4th 238, 275-276, fn. 16 [defense counsel's failure to object to prosecutor's cross-examination was not unreasonable, as it avoided drawing the jury's attention to prosecutor's questions].)

In addition, we would find no prejudice resulted from defense counsel's performance, even if it were deficient. The jury was instructed that "[s]tatements

---

[2] "In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citations.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Jennings* (1991) 53 Cal.3d 334, 357.)

by attorneys made during trial are not evidence" and that it should "not assume to be true any insinuation suggested by a question asked a witness." We presume the jury followed these instructions. (*People v. Boyette* (2002) 29 Cal.4th 381, 436.) In addition, there was considerable evidence independent of appellant's cross-examination establishing that he stole the band-aids and the items in the shopping bag, including the video recordings that were viewed by the jury. Accordingly, it is not reasonably likely that appellant would have obtained a more favorable outcome had defense counsel raised successful objections to the prosecutor's conduct. (*People v. Jennings*, *supra*, 53 Cal.3d at p. 357.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.