Filed 9/15/14  In re K.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.C. et al., Persons Coming Under the Juvenile Court Law. | H040291 (Santa Cruz County Super. Ct. No. DP002363 & DP002364) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. J.P. et al., Defendants and Appellants. | |

K.P., the father of two dependent children, brings this fifth appeal of orders of the juvenile court.  The present appeal is based on his challenge of a juvenile court order that this court previously affirmed in *In re K.C. et al.; Santa Cruz Human Services Department v. J.P.* (Feb. 14, 2014, H039225) [nonpub. opn.] (*K.C.III*).

**STATEMENT OF THE FACTS AND CASE**[1]

This is the fifth of father's appeals.  The origins of this matter are described in detail in our previous decision, *In re K.C. et al.; Santa Cruz Human Resources Department v. T.C. et al.* (Jun. 5, 2012, H036896) [nonpub. opn.] (*K.C. I*).  To summarize, Father had two children, K.C. and her brother Z.J., of whom he informally shared custody with their mother, T.C. (Mother).  The Santa Cruz County Human Services Department (Department) initiated dependency proceedings after Z.J. suffered severe brain injuries that doctors considered non-accidental.  The Department eventually concluded that the injuries had been sustained while Z.J. was in the home of Mother, but were likely caused by a third party and not either of the parents.

On April 7, 2011, the juvenile court sustained original petitions as to both children under Welfare and Institutions Code section 300.[2]  It placed Z.J. with the children's paternal grandmother, J.W. (Grandmother), while placing K.C. with Father under the supervision of the Department.  We ultimately affirmed these orders, with modifications, in *K.C. I, supra*, H036896.

The second appeal addressed the court's finding that its previous disposition placing K.C. with Father was not effective in protecting her. We affirmed the court's order with modifications.  (*In re K.C.; Santa Cruz Human Services Department v. J.P.* (Dec. 12, 2012, H037296) [nonpub. opn.] (*K.C. II*).)

The third appeal challenged orders from the six and 12-month review hearings that terminated services for Father and reduced his visitation.  We reversed the order terminating services and directed the Department to afford Father additional services

---

[1]  The underlying facts of this case are contained in the opinions of this court in prior appeals.

[2]  All further statutory references are to the Welfare and Institutions code.

unless new circumstances prevailing upon remand supported a finding that services were unwarranted. (*In re K.C.* (2012) 212 Cal.App.4th 323, 334 (*K.C.*).)

This court issued its opinion in *K.C. I* on June 5, 2012. On June 14, 2012, the Department filed a petition under section 342 to allege new facts or circumstances about a current dependent child.

On December 12, 2012, the juvenile court found clear and convincing evidence to sustain the section 342 petition. The court found father continued to have undertreated mental health issues that put the children at a substantial risk of harm. The court also found that father had not progressed with treatment, and there were impulse control and anger management issues that presented a substantial risk of harm to the children's well-being. The court concluded that it would be detrimental to terminate the parent child relationship, and ordered legal guardianship as the permanent plan, appointing the paternal grandmother as guardian.

Father appealed the December 12, 2012 order, and on February 14, 2014, this court filed an opinion affirming the order of the juvenile court. (*K.C.III, supra,* H039225.)

## DISCUSSION

In this appeal, father argues that the December 12, 2012 order that was the subject of *K.C. III*[3] should be reversed, and as a result, the subsequent orders of the juvenile court following the December 12, 2012 order must also be reversed. Father asserts: "the subsequent orders challenged herein will be invalid in the event this court reverses the jurisdictional findings on the subsequent petition challenged in Father's pending appeal."

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively

---

[3] The opening brief in the present appeal was filed while *K.C. III* was pending in this court.

3

demonstrate error. [Citation.]" (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)" " 'Such error . . . must be affirmatively shown, and the burden is upon the appellant to present a record showing it, any uncertainty in the record in that respect being resolved against him.' " (*People v. Clifton* (1969) 270 Cal.App.2d 860, 862.)

Here, father's only basis for "error" on the part of the juvenile court is that the challenged orders are subsequent to and based on an invalid order, and therefore, should be stricken. However, in *K.C. III*, this court affirmed the order of the juvenile court that forms the basis for his arguments in this appeal. Therefore, Father has not demonstrated error on appeal, and the order will be affirmed.

## DISPOSITION

The order is affirmed.

4

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.