Filed 12/10/24  P. v. Fowler CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL RAY FOWLER,<br><br>  Defendant and Appellant. | F087126<br><br>(Super. Ct. No. CRF43675)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Peña, J.

Defendant and appellant Michael Ray Fowler (defendant) was convicted by a jury of assault with a deadly weapon and false imprisonment; the trial court found true enhancements for two prior imprisonments and two prior serious felonies that also qualified as strikes prior. The trial court sentenced defendant on the assault offense to 25 years to life plus 10 years imprisonment for the two prior serious felonies and stayed all other aspects of the sentence. At a resentencing due to the recent passage of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), the trial court declined to strike either of the strike priors but struck the two prior imprisonment enhancements and one of the prior serious felony enhancements. During the course of resentencing, the court concluded that defendant would not be a danger to the public upon release if the enhancements were stricken. The trial court resentenced defendant to 25 years to life plus five years for the remaining prior serious felony enhancement and stayed the sentence for false imprisonment. On appeal, defendant argues that: (1) the trial court abused its discretion and prejudicially erred by failing to strike the second prior serious felony enhancement; (2) if forfeiture of the issue is found, he received ineffective assistance of counsel; and (3) the abstract of judgment must be corrected to include time credits earned up to the time of resentencing. We affirm defendant's sentence but remand for the court to amend the abstract of judgment.

**BACKGROUND**

On March 14, 2014, defendant and B.M. were packing the contents of a trailer in preparation for a move. A neighbor called the police after she heard defendant yell that he was going to kill B.M., and B.M. yelled back, "No, no!" When the police arrived at the trailer, they separated defendant and B.M. B.M. told the police that she and defendant had been arguing during the morning, but after she pulled a cord from their satellite receiver, defendant became enraged, attempted to strangle her with the cord, and physically prevented her from leaving the trailer. Although defendant maintained that he and B.M. had been wrestling and got tangled in the cords and denied attempting to

2.

strangle B.M. or prevent her from leaving the trailer, defendant was arrested and criminally charged. (*People v. Fowler* (Apr. 16, 2018, F073444 [nonpub. opn.] (*Fowler*).)

### Conviction and First Sentencing

On July 15, 2015, defendant was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count II) and false imprisonment (§ 236; count III.) In a bifurcated proceeding in September 2015, the trial court found true enhancements for two prior imprisonments (§ 667.5, subd. (b)), as well as two prior serious felony convictions (§ 667, subd. (a)) that also qualified as strikes prior (§ 667, subds. (b)–(i)). The two prior felony convictions were for burglary in 1986 and assault with a deadly weapon in 2001. (*Fowler*, *supra*, F073444.)

On January 26, 2016, the trial court sentenced defendant. The court imposed a sentence on the assault offense of 25 years to life plus 10 years for the two prior serious felony enhancements. The court stayed a 16-month sentence on the false imprisonment offense and stayed the two 1-year terms for the prior imprisonment enhancements. (*Fowler*, *supra*, F073444.)

### Second Sentencing

On April 10, 2023, the trial court issued an ex parte order that appointed counsel and set a resentencing hearing in light of the passage of Senate Bill 483.

On October 5, 2023, the trial court held the resentencing hearing. The parties generally argued application of factors and considerations under section 1385. The People agreed that defendant was "eligible" to have the two 1-year prior imprisonment enhancements stricken. However, the People argued that because of defendant's criminal history and violent conduct towards "his significant other," it was not in the interest of

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

justice to dismiss either the strike or the corresponding enhancement because public safety would be endangered.

Defense counsel focused "on the strike" because the People conceded that it was appropriate to strike the prior imprisonment enhancements. Defense counsel argued that the burglary strike was 36 years old, defendant was now 70 years old, and defendant was incarcerated at the California Medical Facility due to COPD, diabetes, high blood pressure, and arthritis. Defense counsel then argued that four factors identified by section 1385, subdivision (c)(2) applied, specifically: multiple enhancements were involved (§ 1385, subd. (c)(2)(B)), application of the enhancements resulted in a sentence greater than 20 years (*id.*, subd. (c)(2)(C)), the offenses of conviction were not "violent" under section 667.5, subdivision (c) (§ 1385, subd. (c)(2)(F)), and the underlying conviction for the serious felony enhancement was more than five years old (*id.*, subd. (c)(2)(H)). After extended argument regarding the application of section 1385, subdivision (c)(2)(C), the court explained:

> "However, there are other things on here that [section] 1385 says that multiple enhancements, you should only get one enhancement, and there is an issue … of prior conviction that's over five years old. Those are all factors the court is directed under 1385(c) to consider and give great weight to these factors, unless to do so would endanger the public safety, physical or serious injury to somebody else, okay.

> "The presence of one or more factors weighs greatly in dismissing them and we have multiple factors here and that's what, you know, the code, it talks about.

> "The man is 70 years old and in bad health. I mean, I think that would suggest he's not a danger – his release wouldn't endanger the public safety. [¶] … [¶]

> "The application of the multiple enhancements alleged in a single case in this instance all enhancements beyond a single enhancement shall be dismissed. That's what the code says. So the enhancements that I've heard are two one-years that the People concede and two five years. Those are the enhancements I'm hearing, right? [¶] … [¶]

4.

> "So I think that the code requires that we – that I dismiss one of the five, the nickel priors and both of the one-year sentences.

> "That now takes us to the issue about whether we should strike the strike, right?"

Defense counsel clarified that the basis for attempting to strike the 1986 strike prior was section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Defense counsel then again emphasized defendant's rehabilitative efforts in prison, age, and poor health. The People again argued that, even though the defendant was 70 years old and in poor health, the strike prior was part of a lengthy criminal course of conduct that included eight prior convictions, the "Three Strikes" law was passed for people who continually violate the law, and the present offense involved violence while defendant's prior offenses also involved violence. Defendant addressed the court and in part described his health problems. The court explained to defendant that his health was at issue because the court was "trying to make the determination where the code says whether you'd be likely person to endanger public safety." The court explained that section 1385 "says proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the Court finds that the dismissal would endanger public safety."

At the conclusion of the parties' arguments and the court's questions, the court explained what it intended to do:

> "All right. So based on the information I've heard, I'm going to deny the Romero motion. The long and extended criminal history and consistently long criminal history [does not] take[] this case outside of the purview of the three strikes rules and the intention of the three strikes laws.

> "However, with regard to the actual striking of enhancements I am striking the two one-year nickel prior – one-year priors and I'm also striking one of the five-year enhancements, as I think I'm required to do under 1385 based on the fact that there were multiple enhancements alleged in a single case.

"The current offense is not a violent felony as defined in subdivision C of Section 667.5, and the Court is required to take those into consideration and give weight, great weight to these factors unless to do so can endanger the public safety, and I can't make a finding that doing so would make it – would be a danger to public safety in this case under any circumstances, not the least of which is he's still in there for a 25-year-to-life sentence due to these changes."

After additional discussion, defendant was ultimately sentenced on the assault offense to 25 years to life plus five years for the 2001 prior serious felony enhancement. A 16-month sentence on the false imprisonment offense was stayed pursuant to section 654.

## DISCUSSION

## I.    STRIKING THE ENHANCEMENTS UNDER SECTION 1385

### A.    *Parties' Arguments*

Defendant argues the trial court abused its discretion by failing to dismiss the enhancement for the 2001 felony assault. Defendant avers that section 1385 requires a court to dismiss an enhancement if one or more enumerated factors are present and the court determines that striking the enhancement would not endanger public safety. Defendant argues that because multiple enumerated factors applied, and the trial court found that without an enhancement, defendant's release would not endanger public safety, the court was required to dismiss the 2001 prior serious felony enhancement. Further, in reply, defendant argues that the trial court never acknowledged its authority to dismiss the 2001 prior serious felony enhancement or made any determinations regarding that enhancement. Defendant argues that the court focused on section 1385, subdivision (c)(2)(B) and erroneously concluded that it was required to leave one prior serious felony enhancement in place. Defendant contends that the court's failure to address or consider striking the 2001 prior serious felony enhancement was the result of a misconception of its discretion and duty under section 1385 and thus, an abuse of discretion.

6.

The People argue in part that, contrary to defendant's argument, section 1385, subdivision (c) does not mandate striking an enhancement if any of the statutorily enumerated factors are present and there is no finding that striking the enhancement would endanger public safety. The People also argue that the trial court properly applied section 1385 by giving great weight to the appropriate mitigating factors, which resulted in the striking of three of the four enhancements.[2] The People argue that the court was concerned about defendant's criminal history and implicitly found that it would not further justice to strike all the enhancements.

## B. *Legal Standards*

Unless prohibited by an initiative statute, section 1385 instructs courts to dismiss a sentence enhancement "*if it is in the furtherance of justice to do so*." (§ 1385, subd. (c)(1); *People v. Walker* (2024) 16 Cal.5th 1024, 1032 (*Walker*); *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 221.) In exercising its discretion, the trial court must give great weight to evidence that establishes any of nine statutorily enumerated mitigating factors. (§ 1385, subd. (c)(2); *Walker*, at p. 1032; *Gonzalez,* at p. 1024.) The presence of any of the nine mitigating factors "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2); *Walker*, at p. 1032; *Gonzalez,* at p. 1024.) Stated differently, "absent a finding that dismissal [of the enhancement] would endanger public safety, a court must assign significant value to the [nine] enumerated mitigating [factors] when they are present." (*Walker*, at p. 1038.) Section 1385, subdivision (c), however, does not create a presumption in favor of dismissal if any of the nine mitigating factors

---

[2] The People further argue that defendant forfeited the issue of whether the trial court abused its discretion by not striking both prior serious felony enhancements because defense counsel did not object. Assuming defendant forfeited the issue, we exercise our discretion to address the merits of defendant's argument. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

are present.  (*Walker*, at p. 1034.)  Rather, section 1385, subdivision (c) requires a trial court to engage in " 'holistic balancing' " of relevant considerations with a " '*special emphasis*' " on the nine enumerated mitigating factors in order to determine whether dismissal of the enhancement would be in furtherance of justice.  (*Walker*, at pp. 1035–1036.)  In the absence of a finding that public safety would be endangered, and in order for the trial court to find that it would not further justice to strike the enhancement, "there must be substantial, relevant, and credible evidence of aggravating factors to neutralize the 'great weight' of the [nine enumerated] mitigating [factors]."  (*Id.* at p. 1036.)  If the trial court finds that dismissal of the enhancement would endanger public safety, the court may not give the enumerated mitigating factor(s) "great weight," but may still consider the factor(s) for "whatever weight it deserves."  (Couzens et al., Sentencing California Crimes (The Rutter Group 2023) § 12:11 (Couzens).)  "In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' "  (*Walker*, at p. 1038.)

A trial court's determinations under section 1385, subdivision (c) are reviewed for an abuse of discretion.  (*Gonzalez*, *supra*, 103 Cal.App.5th at pp. 224–225; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298; see also *People v. Carmony* (2004) 33 Cal.4th 367, 373.)  A trial court abuses its discretion if its refusal to dismiss an enhancement "is so irrational or arbitrary that no reasonable person could agree with it."  (*Carmony*, at p. 377; *Mendoza*, at p. 299.)  A trial court may also abuse its discretion if it is unaware of or misunderstands its discretion.  (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1096–1097.)  However, a trial court's order is presumed to be correct, and a reviewing court will indulge all intendments and presumptions to support the order on matters to which the record is silent.  (*People v.*

8.

*Giordano* (2007) 42 Cal.4th 644, 666; *People v. Allen* (2019) 41 Cal.App.5th 312, 330 (*Allen*).) As a result, uncertainties in the record are construed against the defendant and in favor of the trial court's order (*People v. Moore* (2021) 68 Cal.App.5th 856, 866 (*Moore*); *People v. Clifton* (1969) 270 Cal.App.2d 860, 862 (*Clifton*)), and a defendant cannot rely on a silent record but instead must affirmatively show error and an abuse of discretion (*People v. Lee* (2017) 16 Cal.App.5th 861, 866; *People v. Davis* (1996) 50 Cal.App.4th 168, 172 (*Davis*)).

### C.   *Analysis*

#### 1.     The Finding that Defendant Would Not Endanger the Public

There is no dispute, and we agree, that the section 1385 mitigating factors of multiple enhancements (subd. (c)(2)(B)),[3] nonviolent current felony (subd. (c)(2)(F)), and an older than five years prior conviction (subd. (c)(2)(H)) all apply to this case.[4] The dispute is the effect these factors have in light of the trial court's finding that defendant would not pose a danger to the public if the enhancements were dismissed. Defendant maintains that the effect of this finding, when combined with the presence of multiple enumerated factors, is that the trial court was required to dismiss the 2001 prior serious felony enhancement. Defendant misreads section 1385.

---

[3] All further references to a "subdivision" refer to section 1385.

[4] Defendant's argument regarding subdivision (c)(2)(C) (a sentence of greater than 20 years) is incorrect. Defendant was sentenced to 25 years to life due to application of the Three Strikes law, which is an alternative sentencing scheme, not an enhancement. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243–244.) Because the alternative sentencing scheme by itself resulted in a sentence greater than 20 years, the additional five-year enhancement for the 2001 prior serious felony did not cause the sentence to exceed 20 years. (§ 1385, subd. (c)(2)(C); Couzens, *supra*, § 12.11 ["There will be no entitlement to relief unless it is the application of the term for the enhancement that results in a sentence longer than 20 years"].) Therefore, subdivision (c)(2)(C) has no application.

Our Supreme Court recently interpreted section 1385 in *Walker*, *supra*, 16 Cal.5th 1024. Resolving a split among the courts of appeal, *Walker* explained that subdivision (c) did not create a rebuttable presumption in favor of dismissal if any of the enumerated mitigating factors were present. (*Walker*, *supra*, 16 Cal.5th at pp. 1029, 1034.) Rather, *Walker* explained that the ultimate inquiry is whether dismissing an enhancement is in the furtherance of justice. (*Id.* at p. 1036; see § 1385, subd. (c)(1).) That inquiry requires the trial court to engage in a holistic consideration of all appropriate factors but give the enumerated factors " 'great weight.' " (*Walker*, at pp. 1035–1036.) If a trial court finds that the public would be endangered by the dismissal of an enhancement, then the court does not give the enumerated factors "great weight." (*Id.* at p. 1034; see Couzens, *supra*, § 12.11.) If the trial does not find that the public would be endangered by striking the enhancement, then the " 'great weight' " of the enumerated factors can be overcome and the enhancement applied only if there is substantial and credible evidence of countervailing factors that are sufficient to neutralize the great weight of the enumerated factors. (*Walker*, at pp. 1036, 1038; see Rutter, at § 12.11 ["The court is not directed to give *conclusive* effect to the mitigating factors"].) Because *Walker* makes clear that a trial court is not automatically required to strike an enhancement when there is both the presence of enumerated mitigating factors and a finding that a defendant would not endanger the public if the enhancement was stricken, defendant's argument is incorrect and does not entitle him to relief. (*Walker*, at p. 1038.)

### 2. Trial Court's Understanding of Its Discretion

Defendant contends the transcript of the resentencing hearing shows that the trial court misunderstood its discretion and obligations under section 1385. We cannot agree with defendant.

We are required to resolve all uncertainties in the record in favor of the court's order and to indulge in all presumptions in favor of the order on matters to which the record is silent. (*Moore*, *supra*, 68 Cal.App.5th at p. 866; *Allen*, *supra*, 41 Cal.App.5th at

p. 330; *Davis*, *supra*, 50 Cal.App.4th at p. 172; *Clifton*, *supra*, 270 Cal.App.2d at p. 862.) Through these lenses, the record reflects that the trial court informed the parties that it was required to consider the prior imprisonment enhancements and the two prior serious felony enhancements. The court placed no limitations on its consideration of the enhancements and thus, recognized that all four enhancements were at issue. The court also identified and considered three of subdivision (c)(2)'s nine enumerated factors. The court mentioned the multiple enhancements factor (subd. (c)(2)(B)) most prominently, but it also expressly recognized that the nonviolent offense factor (subd. (c)(2)(F)) and the five-year old conviction factor (subd. (c)(2)(H)) were applicable. The court further recognized that, because it found defendant would not endanger the public if the enhancements were dismissed, it was required to give each applicable enumerated factor "great weight." We have no reason to read the court's statements as establishing that the court considered only subdivision (c)(2)(B), that subdivision (c)(2)(B) constrained its ability to strike the prior serious felony enhancement for the 2001 assault, that it did not consider striking all four enhancements, or that it did not afford the three enumerated mitigating factors "great weight" as it considered all four enhancements. (*Allen*, at p. 330 [" 'The court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary' "]; *Davis*, at p. 172.) Rather, considering the court's identification of the enhancements without limitation, and its recognition that three separate enumerated mitigating factors were to be given "great weight," the record can reasonably be read as showing that the court recognized its obligations under subdivision (c)(2) with respect to all four enhancements. This is how we interpret the record. (*Moore*, at p. 866; *Allen*, at p. 330; *Davis*, at p. 172; *Clifton*, at p. 862.) As a result, the record supports implied findings by the court that, although it gave the three mitigating factors "great weight," the court nevertheless concluded that it would not further justice to dismiss the 2001 prior serious felony enhancement in light of the defendant's criminal history and the nature of the current assault conviction, but that it

11.

would further justice to strike the two one year prior imprisonment enhancements and the 1986 prior serious felony enhancement pursuant to subdivision (c)(2)(B). These findings are consistent with subdivision (c) and do not reflect a misunderstanding by the court of its discretion and obligations under subdivision (c). (*Allen*, at p. 330.)

Defendant points out that the trial court relied heavily on the multiple enhancements factor of subdivision (c)(2)(B), the court made no specific findings regarding the 2001 assault conviction as an enhancement, and no party argued for the specific dismissal of the 2001 assault enhancement. We agree with these observations, but they do not aid defendant. First, silence and uncertainty do not demonstrate error. To the contrary, we resolve silence and uncertainty in favor of the court's order. (*Moore*, *supra*, 68 Cal.App.5th at p. 866; *Allen*, *supra*, 41 Cal.App.5th at p. 330.) While no party made arguments that were specifically aimed at the 2001 assault conviction as an enhancement, defense counsel nevertheless discussed four subdivision (c)(2) factors. The court at various times recognized that three of the four mitigating factors applied, it was dealing with four enhancements, and that it was to give great weight to those mitigating factors. The court never stated it could not strike all four enhancements or that it was considering striking only three of the four enhancements. Given the applicable appellate presumptions, we cannot conclude that the court failed to meaningfully consider striking all four enhancements. Second, while the court stated that it was required to dismiss all enhancements save the 2001 prior serious felony enhancement pursuant to subdivision (c)(2)(B), this statement can be read as the court simply applying the plain language of that subdivision. Subdivision (c)(2)(B) provides that if multiple enhancements are alleged in a single case, then "all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) In contrast, subdivisions (c)(2)(F) and (c)(2)(H) contain no such language; they merely identify a factor without identifying a consequence relating to that factor. That is, these subdivisions do not purport to require a trial court to dismiss any enhancement if either or

both of the mitigating factors apply.  (Cf. § 1385, subd. (c)(2)(B) with § 1385, subds. (c)(2)(F), (c)(2)(H).)**5**  Simply because the court explained what it was doing through operation of subdivision (c)(2)(B) does not mean that the court did not consider or give the other mitigating factors "great weight," nor does it mean that the court failed to consider dismissing the 2001 assault as an enhancement.  (*Allen*, at p. 330 [" 'Thus, the fact that the court focused its explanatory comments on [one factor] does not mean that it considered only that factor' "].)

In sum, defendant has not adequately demonstrated the court misunderstood its discretion or misconceived its obligations under subdivision (c) and thus, has not demonstrated an abuse of discretion.

## II.    New Abstract of Judgment

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 32; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.)  Through application of section 2900.1, when a defendant is serving a sentence and then is resentenced, the defendant is entitled to a new abstract of judgment that includes time credits for the time he served on the original sentence up to the time of resentencing.  (*Buckhalter*, at p. 41; *People v. Trammel* (2023) 97 Cal.App.5th 415, 436–437; *Sek*, at p. 673; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118–1119; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)

---

**5** Section 1385, subdivision (c)(2)(F) reads in its entirety:  "The current offense is not a violent felony as defined in subdivision (c) of [Penal Code section] 667.5." (§ 1385, subd. (c)(2)(F).)  Section 1385, subdivision (c)(2)(H) reads in its entirety:  "The enhancement is based on a prior conviction that is over five years old."  (§ 1385, subd. (c)(2)(H).)

Here, defendant correctly points out that the abstract of judgment issued on October 6, 2023, after resentencing, does not include time credits for the time he served in prison up to the time of resentencing. The People do not address the issue in any way. Given the October 6, 2023 abstract of judgment, as well as the above law, we take the People's silence to be a concession of defendant's point. We agree and will instruct the trial court to amend the October 6, 2023 abstract of judgment to include all custody credits to which defendant was entitled up to the October 5, 2023 resentencing.

## **DISPOSITION**

This matter is remanded to the trial court with instructions to issue an amended abstract of judgment that includes all appropriate custody credits to which defendant was entitled as of October 5, 2023. The judgment is otherwise affirmed.