Filed 10/21/25  SVC Corporation v. Ali CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SVC CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>AHSAN ALI,<br><br>    Defendant and Respondent. | A171496<br><br><br>(Alameda County<br>Super. Ct. No. 24CV062674) |

Plaintiff SVC Corporation appeals from the trial court's granting a motion to set aside a default judgment and writ of possession arising from an unlawful detainer matter against defendant Ahsan Ali.  Defendant argued that he lacked actual notice of the action in time to defend and that he did not evade service or act with inexcusable neglect.  The trial court held an evidentiary hearing and found that plaintiff failed to prove that defendant was properly served.

The sole issue on appeal is whether the trial court abused its discretion in granting defendant's motion to set aside the default judgment and writ of possession under Code of Civil Procedure section 473.5.[1]  Plaintiff contends that the trial court erred in finding service was ineffective and that the court

---

[1] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

1

improperly credited defendant's evidence. We find that plaintiff fails to demonstrate that the trial court erred. As such, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from an unlawful detainer action regarding residential property at 3221 MacArthur Boulevard in Oakland, California (Property). Plaintiff, an owner of the Property, initiated the action against defendant, a contractor who performed work at the site and later moved into the Property.

The parties have a history of litigation over the defendant's occupancy of the Property. Plaintiff filed two prior unlawful detainer actions in 2023, one in August and another in November. In both instances, the trial court granted defendant's demurrers without leave to amend. On February 5, 2024, plaintiff filed the present unlawful detainer complaint in Alameda County Superior Court (case No. 24CV062674). According to a declaration filed by licensed process server Parrish Scott, on February 19, 2024, Scott personally served defendant with the complaint in this action.[2] Scott attested that he made multiple service attempts at the Property on February 8, 11, and 15 but received no answer each time and observed no signs of activity. Approximately 6:25 p.m. on February 19, Scott states, he personally served the defendant, whom he described as a Middle Eastern male in his early 30's, by delivering the summons, complaint, and related documents. He also recorded the Property's GPS coordinates and took photographs showing

---

[2] The February 19, 2024 proof of service was erroneously omitted from the clerk's transcript and is not in our record on appeal. Moreover, we question whether Scott's declaration is properly part of our record on appeal. The declaration is dated August 26, 2024, over a month after the court's July 22, 2024 hearing on the set-aside motion.

the residence with lights on and a silver Lexus parked outside. Defendant did not respond to the complaint, and default judgment was entered shortly thereafter, on March 11, 2024. A writ of possession was issued on April 3, 2024.

On June 20, 2024, defendant moved ex parte to set aside the default judgment, default, and writ of possession.[3] In response, plaintiff opposed the motion, and on June 20, 2024, the court granted a continuance to review defendant's moving papers. On July 22, 2024, the court held a hearing on defendant's motion. The trial court received live testimony from Scott. His testimony was subject to direct examination, cross-examination, and redirect examination. The trial court thereafter granted defendant's motion, finding, "Plaintiff failed to prove that Defendant Ali was personally served on February 19, 2024."

Plaintiff timely appealed on September 18, 2024.

## DISCUSSION

The issue before this court is whether the trial court correctly granted defendant's motion to set aside the default judgment and writ of possession under section 473.5. Defendant claims he lacked actual notice of the lawsuit despite purported personal service by plaintiff's process server on February 19, 2024.

---

[3] In support of this motion, defendant submitted declarations including his own and that of Claude Duncan, a corroborating witness. The defendant's brief refers to these declarations as being included in the appellant's appendix. However, pursuant to California Rules of Court, rule 8.124, the plaintiff elected to proceed with a clerk's transcript. As such, the original appendix does not appear in the record on appeal.

## I.    *Legal Principles*

Section 473.5 permits a trial court to set aside a default judgment when a party, though technically served, lacked meaningful notice and a fair opportunity to respond.  (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318–1319.)  Along with supporting affidavits, to obtain relief, the moving party must satisfy the following requirements: (1) the noticed motion was timely served and filed (§§ 473.5, subds. (a) & (b), 1005, subd. (b)); (2) the service of summons did not result in actual notice in time to defend the action (§ 473.5, subd. (a)); and (3) the lack of actual notice was not caused by the moving party's avoidance of service or inexcusable neglect (§ 473.5, subd. (b)).  Consistent with the policy of the law to favor merit-based resolution, the California Supreme Court has also emphasized that "when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474*,* 478.)

We review a trial court's decision to grant relief from a default judgment under section 473.5 for abuse of discretion.  (*Anastos v. Lee, supra*, 118 Cal.App.4th at pp. 1318–1319.)  As the Fourth Appellate District in *Anastos* explained, a motion to vacate a default judgment under section 473 " ' "is addressed to the sound discretion of the trial court" ' " and the trial court's ruling " ' "will not be disturbed on appeal" ' " unless it exceeds "the bounds of reason."  (*Anastos*, at pp. 1318–1319.)  On appeal, the trial court's judgment is presumed correct.  (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 (*Sanghera*).)  To carry this burden, the plaintiff must provide an adequate record on appeal showing the error the plaintiff is claiming.  (*People v. Clifton* (1969) 270 Cal.App.2d 860, 862 (*Clifton*) [" 'For an appeal to engage the consideration of an appellate court, it must be brought up on a record which, in addition to being otherwise formally sufficient, shows the error

4

calling for correction' "].)  In addition to providing a record that shows the error the plaintiff is claiming, the plaintiff must also "refer the reviewing court to the portions of the record which support [the plaintiff's] position." (*Green v. City of Los Angeles* (1974) 40 Cal.App.3d 819, 835 (*Green*).)

When the motion is based on lack of actual notice, a court must also find that the failure to respond was not caused by avoidance of service or inexcusable neglect.  (§ 473.5, subd. (c).)  We review the trial court's factual findings for substantial evidence and defer to the court's resolution of conflicting testimony and witness credibility.  (*Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 998 [" 'we do not reweigh evidence or reassess the credibility of witnesses,' " and when " ' " 'the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal' " ' "].)

## II.   *Any Procedural Defect in Notice Was Not Jurisdictional and Does Not Warrant Reversal*

Plaintiff first contends that the trial court abused its discretion by granting defendant's motion to set aside the default judgment on shortened ex parte notice.  Plaintiff argues that the motion, served on June 17, 2024, and set for hearing on June 20, 2024, provided only three days' notice—less than the 16 court days required by section 1005, subdivision (b)—and that this procedural defect constitutes reversible error.

Section 473.5, subdivision (a) provides that a motion to set aside a default or default judgment must be filed "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment . . . ; or (ii) 180 days after service . . . of a written notice that the default or default judgment has been entered."  (§ 473.5, subd. (a).) Subdivision (b) requires the motion to be calendared for hearing in

5

compliance with section 1005, subdivision (b), which generally requires that moving papers "be served and filed at least 16 court days before the hearing." (§§ 473.5, subd. (b), 1005, subd. (b).) Although a failure to comply with section 1005, subdivision (b) may support denial of a motion, such a violation is not grounds for reversal absent a showing of prejudice. (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1289 (*Reedy*) ["the appellant must demonstrate not only that the notice was defective, but that he or she was prejudiced" (italics omitted)].) A party who opposes a motion on the merits without requesting a continuance or identifying resulting prejudice waives any defect in notice. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

Here, plaintiff fails to show that prejudice has resulted from the trial court's decision to grant the defendant's motion to set aside the default judgment on shortened ex parte notice. Plaintiff offers only conclusory assertions that "had the underlying motion to vacate been noticed per CCP § 1005, then Appellant would have had more time to prepare and coordinate the documentation of a third-party process server such that the motion to vacate would been denied." (*Sic.*) However, it should be noted that the court had already granted a four-week continuance, and the record does not show that the plaintiff requested additional time or claimed unpreparedness at the hearing. Scott testified live and was subject to direct examination, cross-examination, and redirect examination on behalf of the plaintiff at the July 22, 2024, evidentiary hearing. Counsel had the opportunity and the responsibility to elicit all necessary facts to oppose the motion to set aside the default judgment at the hearing. We refuse to find fault with the trial court for not considering evidence that was available but was not presented by plaintiff. (*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1106 ["A trial court's failure to

consider evidence not before it . . . is not, and cannot be, error"].)  In any event, on appeal, plaintiff does not explain what admissible evidence would have compelled a decision to reject defendant's evidence and deny the motion to vacate.  (*Reedy, supra*, 148 Cal.App.4th at p. 1289.)  Therefore, even if there was technical noncompliance with section 1005, subdivision (b), plaintiff has shown neither that the defect caused substantial injury nor that a different result was reasonably probable.  Accordingly, no prejudice is found.

## III.    *The Trial Court Properly Found that Plaintiff Failed to Prove Effective Service*

When a plaintiff files a proof of service executed by a registered process server, it creates a rebuttable presumption that the service was proper under Evidence Code section 647.  (Evid. Code, § 647; *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441–1442 (*Dill*).)  However, because the presumption is only related to the fact of formal service, it does not, in all cases, establish that the defendant received actual notice of the lawsuit.  (*Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 40 (*Olvera*).)  As such, if a defendant can provide sufficient evidence to show that service was not properly executed, the presumption is rebutted and the court must independently determine whether actual notice resulted from the service.  (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1428.)  As the Second Appellate District explained in *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 413, " 'the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service.' "

Plaintiff appears to have satisfied this burden by filing a facially valid proof of service from a registered process server.  Scott's declaration stated that he personally served an individual matching a detailed physical

7

description at the Property. Scott attested to the presence of a silver Lexus with a specific license plate, recorded GPS coordinates, and took photographs of the Property. The trial court found this declaration sufficient to establish a presumption of proper service and entered a default judgment in plaintiff's favor when defendant failed to respond to the complaint. (*Dill, supra*, 24 Cal.App.4th at pp. 1441–1442.)

However, any presumption of valid service was rebutted once the defendant filed an ex parte application to vacate the default judgment and withdraw the writ of possession. Defendant contends, and plaintiff does not dispute, that he submitted corroborating declarations in support of his ex parte application attesting to the fact that he was not served on February 19, 2024. Although these declarations are omitted from the appellate record and not expressly referenced in the trial court's written ruling, we may infer from the record (and from plaintiff's silence) that such declarations existed and were considered by the trial court in making the challenged order.[4] Under well-established rules of appellate procedure, we presume in the absence of evidence to the contrary that the trial court considered all evidence properly before it and that its ruling was reasonably supported. (*Sanghera, supra*, 139 Cal.App.4th at p. 1573.) The trial court was entitled to resolve any credibility conflict in the defendant's favor, and it is not our role on appeal to second-guess its decision.

Nor has plaintiff pointed to anything else in the record that establishes error. (*Green, supra*, 40 Cal.App.3d at p. 835.) Plaintiff's arguments on the matter of error are that the trial court heard live testimony only from the

---

[4] It also appears these declarations were previously included in the appellant's appendix before plaintiff elected to proceed with a clerk's transcript. See footnote 3, *ante*, page 3.

process server and that the defendant's declarations were not explicitly mentioned in the court's findings. However, section 473.5 makes no mention of live testimony, requiring only that the moving party provide "an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subd. (b).) The trial court necessarily accepted that showing when it vacated the default judgment and the writ of possession. As for plaintiff's claim that the defendant's declarations were never mentioned in the trial court's decision, such an omission does not establish error. (*Clifton, supra*, 270 Cal.App.2d at p. 862 [" 'Such error is never presumed, but must be affirmatively shown, and the burden is upon the appellant to present a record showing it, any uncertainty in the record in that respect being resolved against him' "].) An appellant cannot challenge a trial court's ruling as unsupported by the evidence while omitting from the appellate record the very evidence on which the trial court relied. (*Green, supra*, 40 Cal.App.3d at p. 835.)

In effect, plaintiff has failed to identify any legal error in the trial court's judgment and, instead, asks this court to reweigh the evidence and accept its version of events as correct, a task we decline to undertake. As such, no abuse of discretion occurred.

## IV. *The Trial Court Did Not Abuse Its Discretion in Finding that Defendant's Lack of Notice Was Not Caused by Avoidance of Service or Inexcusable Neglect*

Even when a party demonstrates a lack of actual notice, section 473.5, subdivision (c) bars relief if that lack of notice was "caused by his or her avoidance of service or inexcusable neglect . . . ." (§ 473.5, subd. (c).) Avoidance of service generally requires evidence of intentional concealment or obstruction of the service. In *Buchanan v. Soto* (2015) 241 Cal.App.4th

9

1353, 1366–1367, the defendant was found to have evaded service because he failed to provide a current address where he could be served personally, instead providing an outdated address.  Similarly, in *Rios v. Singh* (2021) 65 Cal.App.5th 871, 883, the court upheld a finding of avoidance when the defendant refused to meet with the plaintiff's investigator and stated he would not cooperate with service.  Inexcusable neglect, by contrast, occurs when a party fails to act reasonably and diligently in responding to a lawsuit.  Section 473.5 requires that the movant "act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 234.)[5]

Although the party moving under section 437.5 bears the initial burden of showing that neither avoidance nor inexcusable neglect applies (§ 473.5, subd. (b)), on appeal the burden shifts to the plaintiff to show that the trial court erred in finding that neither circumstance occurred.  (*Sanghera, supra*, 139 Cal.App.4th at p. 1573.)  Again, as *ante*, plaintiff fails to identify any legal error in the trial court's ruling or point to any portion of the record that conclusively establishes abuse of discretion.

The trial court could reasonably find, based on the evidence presented, that defendant did not act with inexcusable neglect.  Default judgment was entered on March 11, 2024.  Defendant served plaintiff with notice of his motion to set aside the default judgment and writ of possession on June 17, 2024.  By contrast, courts have found much longer delays to be excusable.

---

[5] *Elston v. City of Turlock, supra*, 38 Cal.3d 227, is superseded by statute in its application to deemed admissions under former section 2033. (See *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979–980 [discussing legislative changes to the Civil Discovery Act].)  However, it is still cited for the general rule that a party seeking relief under section 473 must act diligently and provide evidence justifying the default.

(E.g., *Tunis v. Barrow* (1986) 184 Cal.App.3d 1069, 1074 [granting relief when defendant learned of default judgment approximately seven months after its entry and promptly sought to vacate it within a few months].)

To the extent that plaintiff attempts to argue that the defendant avoided service, it relies on cases such as *In re Ball* (1934) 2 Cal.App.2d 578; *Trujillo v. Trujillo* (1945) 71 Cal.App.2d 257; and *Crescendo Corp. v. Shelted, Inc.* (1968) 267 Cal.App.2d 209. However, in each of those cases, the courts found that the defendant engaged in affirmative conduct to frustrate service, such as by purposefully walking away from a process server (*In re Ball*, at pp. 578–579); rolling up a car window to block service (*Trujillo*, at pp. 259–260); and sending someone else to turn the server away (*Crescendo Corp.*, at p. 211). Unlike those cases, however, the plaintiff identifies nothing in the record indicating that defendant took any such steps to avoid service. Instead, plaintiff's argument relies on circumstantial evidence such as the presence of lights inside the residence, security cameras, and a car parked on site. These details do not, on their own, establish the kind of intentional evasion found in the cases that plaintiff cites. (See *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1445 [affirming order granting § 473.5 relief when trial court reasonably found defendant lacked actual notice and that ignorance was not the result of avoidance of service or inexcusable neglect; fragmentary knowledge of action did not constitute actual notice, and employees' assumptions about service amounted at most to excusable neglect].)

Further, plaintiff suggests that the process server's previously unsuccessful attempts at service are proof of defendant's avoidance of service because defendant had notice of prior litigation concerning the Property. This argument is faulty. Section 473.5 requires actual notice of the action in

11

which the default was entered, not generalized awareness of ongoing disputes. (See *Olvera, supra*, 232 Cal.App.3d at p. 40 [explaining that awareness of a prior related lawsuit "did not necessarily give her 'time to defend the action' "].) Neither defendant's prior involvement in earlier unlawful detainer cases nor his knowledge of potential future litigation proves that he had actual notice of this specific complaint. In fact, both previous cases were dismissed in defendant's favor, which could have reasonably led him to believe that the matter was resolved, not that further proceedings were imminent. (*Olvera, supra*, 232 Cal.App.3d at p. 40 ["Until summons is served, there is no need to respond; a defendant may believe that the action will not be pursued"].)

In summary, the trial court found that defendant had no notice of the service attempt, took no steps to evade it, and timely moved to set aside the default once he learned of the judgment. The trial court was entitled to credit this evidence and reject defendant's contrary inferences. On this incomplete record, we cannot conclude that the trial court abused its discretion in finding that defendant's lack of notice was not caused by avoidance or inexcusable neglect.

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.

A171496/*SVC Corporation v. Ali*

12